707 A.2d 178

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. LAURENCE GERTRUDE, DEFENDANT–
APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted March 18, 1998—Decided March 30, 1998.

Before Judges KING and KESTIN.

*Ivelisse Torres*, Public Defender, attorney for appellant (*M. Virginia Barta*, Assistant Deputy Public Defender, of counsel and on the brief).

*Peter Verniero*, Attorney General, attorney for respondent (*Craig V. Zwillman*, Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

KESTIN, J.A.D.

An indictment charging defendant with third degree burglary was amended before trial to charge attempted burglary. The jury found defendant guilty. Thereafter, the trial judge found defen-

dant guilty of disorderly persons possession of burglary tools. Concurrent sentences were eventually imposed: five years imprisonment with two-and-one-half years of parole ineligibility for the third degree crime and six months for the disorderly persons offense. In the March 10, 1997 judgment of conviction the trial court provided for 514 days of custodial credit, and "request[ed] all drug and alcohol programs be made available to defendant." Appropriate statutory assessments were also ordered.

█ Defendant was tried in jailhouse garb, described by counsel as "detention greens and ... blue canvas slip-ons." His argument that he was denied a fair trial by reason of that fact is premised upon a violation of the standards established in *State v. Carrion–Collazo*, 221 *N.J.Super.* 103, 534 *A.*2d 21 (App.Div.1987), *certif. denied*, 110 *N.J.* 171, 540 *A.*2d 171 (1988).

In *Carrion–Collazo*, an appeal from the trial court's denial of the defendant's post-conviction relief application, we held, largely on the basis of *Estelle v. Williams*, 425 *U.S.* 501, 96 *S.Ct.* 1691, 48 *L. Ed.*2d 126, *reh'g denied*, 426 *U.S.* 954, 96 *S.Ct.* 3182, 49 *L. Ed.*2d 1194 (1976), that the defendant, by reason of the extant circumstances, had suffered no deprivation of a federally guaranteed due process right. "Under *Williams*, the federal rule of law is that where defendant is represented by counsel, a waiver of defendant's right not to be compelled to appear at trial in prison garb is implied from defendant's failure to object." *State v. Carrion–Collazo, supra,* 221 *N.J.Super.* at 111, 534 *A.*2d 21. We noted that there was

> no evidence of any policy of compulsion. Collazo was represented by counsel and neither defendant nor his attorney objected. Further, defense counsel was satisfied that defendant's appearance in prison garb was supportive of defense trial strategy. The attorney also represented to the trial court his client's awareness of the situation. Contrary to the motion judge's conclusion, the trial judge was not under then existing law obligated to make any inquiry of the defendant personally, nor was the State required to bear the burden of showing a voluntary waiver. Further, any error is rendered harmless in light of the trial judge's *voir dire* and instruction to the jury.

[*Ibid.*]

Notwithstanding this conclusion, we went on to

express our concern that certain unfortunate defendants may in the future, without regard to a tactical or strategic trial decision, suffer an erosion of their presumption of innocence due to the unavailability of civilian clothing. *See Coffin v. United States,* 156 *U.S.* 432, 15 *S.Ct.* 394, 39 *L. Ed.* 481 (1895) concerning the importance of this presumption.

[*Ibid.*]

*Cf. State v. Burton,* 309 *N.J.Super.* 280, 288–290, 706 A.2d 1181, 1184–1186 (App.Div.1998). We found it unnecessary to posit broader protection under the State Constitution in this connection than is afforded by the federal Constitution, but rather established protective procedures to be followed in all future cases.

[E]ven in the absence of a constitutional requirement, future criminal defendants appearing for a jury trial in prison garb should be personally questioned by the trial judge concerning their desire to relinquish the right to appear in civilian clothing and that this right should be given up only by means of a knowing, intelligent and voluntary waiver on the record before the trial judge.

\* \* \*

[T]he interests of justice are better served by trial judges ensuring that all future defendants in this State are advised of their right to wear civilian clothing and that defendants proceed to trial in prison garb only after explicit in-court waivers.

\* \* \*

Moreover, when a request for civilian clothing or a precautionary *voir dire* or jury charge is made by a defendant or his counsel such request may not be denied.
[*Id.* at 112–13, 534 A.2d 21.]

These procedures were not followed here. The trial judge not only omitted to question defendant directly concerning defendant's choices relative to the question of trial attire, he made no effort to obviate the potential for prejudice by a proper *voir dire* of the jurors, as the trial judge in *Carrion–Collazo* had done, *see id.* at 112, 534 A.2d 21; and his cautionary instruction was inadequate, whether measured by the thorough instruction provided by the trial judge in *Carrion–Collazo, see id.* at 106–07, 534 A.2d 21, or by a simple rule of reasonableness.

The question whether defendant was guilty of an attempted burglary required the jury to assess his intentions, *i.e.,* his state of

mind, when he was found with certain implements in the rear of a store, banging on the concrete wall. The prejudice inherent in his appearance before the jury in prison garb with no adequate curative steps having been taken is obvious.

■ Defendant's conviction by the judge for possession of burglary tools must also be reversed. *N.J.S.A.* 2C:5–5, under which defendant was charged, also requires an assessment of intent or state of mind. The trial judge's determination in this regard was expressly based upon the jury's verdict on the attempted burglary charge and thus flawed in the same manner as was the jury verdict.

Accordingly, both convictions are reversed. This disposition renders moot defendant's second argument on appeal that the law of the case doctrine required his commitment to a long-term inpatient drug treatment program in lieu of a prison sentence.

Reversed.