739 A.2d 97 (1999)
325 N.J. Super. 280
STATE of New Jersey, Plaintiff-Respondent,
v.
Florence CASTORAN, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted September 29, 1999.
Decided October 25, 1999.
Ivelisse Torres, Public Defender, for defendant-appellant (Alan I. Smith, Designated Counsel, of counsel and on the brief).
*98 John J. Farmer, Jr., Attorney General, for plaintiff-respondent (Lisa Sarnoff Gochman, Deputy Attorney General, of counsel and on the brief).
Defendant-appellant filed a pro se supplemental brief.
Before Judges KING, PAUL G. LEVY and CARCHMAN.
The opinion of the court was delivered by CARCHMAN, J.A.D.
This appeal requires us to consider whether a trial judge in a criminal case may preclude a defendant from wearing a tee shirt which contains a message that is testimonial in nature. We answer the question in the affirmative.
The issue arises in the following procedural and factual context. Following a jury trial, defendant Florence Castoran was convicted of third-degree aggravated assault upon a law enforcement officer, N.J.S.A. 2C:12-1b(5)(a). Judge Neustadter sentenced defendant to a custodial term of four years and imposed statutory penalties. As a condition of the sentence, defendant was barred from all Atlantic City casinos during the term of her sentence, although that portion of the sentence was later vacated. Defendant appeals, and we affirm.
These are the facts adduced at trial. On April 16, 1996, at approximately 3:00 a.m., defendant was involved in an "incident" at the Sands Casino that caused her to be handcuffed and brought to the Division of Gaming Enforcement (DGE) office located in the Sands. Defendant was escorted into the DGE office by two Sands security officers and seated in a chair in front of a desk. New Jersey State Police Detective Johanna Neupauer (Neupauer), assigned to the Response Team of the Casino Investigations Bureau, then seated herself behind the desk to process the paperwork relating to defendant's arrest. Immediately upon seeing Neupauer, however, defendant became combative and directed profanities at Neupauer. Defendant admittedly called Neupauer a "whore," "a liar, a perjurer" and, possibly, "white trash."
Soon thereafter, while Neupauer was still filling out the paperwork, defendant rose from her chair and spat at Neupauer. At that point, Neupauer decided to handcuff defendant to the chair, and as Neupauer began to approach defendant, she kicked Neupauer in the arm, pushing her back against the desk. Defendant admitted that the contact occurred but contended that she believed Neupauer was going to beat her in the face. Defendant admitted raising her feet and pushing Neupauer away, allegedly for protection. In response to the contact, Neupauer and the two other officers "put [defendant] down onto the rug," and then placed her into a jail cell. As a result of the incident, Neupauer stated that her right wrist was injured, and her right upper thigh was bruised.
On appeal, defendant raises the following issues:
I. THE COURT ABUSED ITS DISCRETION BY PRECLUDING THE DEFENDANT FROM WEARING THE CLOTHING OF HER CHOICE.
II. THE DEFENDANT'S CONVICTION SHOULD BE REVERSED BECAUSE EVIDENCE OF DEFENDANT'S PRIOR ARRESTS BY DETECTIVE NEUPAUER WAS OFFERED TO SHOW CRIMINAL PREDISPOSITION.
A. THE EVIDENCE WAS NOT RELEVANT TO A MATERIAL AND GENUINE ISSUE IN DISPUTE.
B. OMISSIONS IN THE COURT'S CURATIVE INSTRUCTION WERE CLEARLY CAPABLE OF PRODUCING AN UNJUST RESULT.
*99 III. THE COURT ERRED IN DENYING DEFENDANT'S MOTION FOR A NEW TRIAL MADE PURSUANT TO R. 3:20-1.
A. THE CUMULATION OF ERRORS WHICH OCCURRED DURING THE TRIAL HAD A CLEAR CAPACITY TO PREJUDICE THE DEFENDANT'S RIGHT TO A FAIR TRIAL.
B. THE DISCOVERY VIOLATION.
C. THE PROSECUTOR IMPROPERLY EXPRESSED HER PERSONAL OPINION IN SUMMATION.
IV. IMPOSITION OF A FOUR (4) YEAR SENTENCE WAS MANIFESTLY EXCESSIVE AND AN ABUSE OF DISCRETION BY THE COURT.
A. THE COURT ABUSED ITS DISCRETION BY MAKING REFERENCE TO NON-STATUTORY AGGRAVATING FACTORS IN IMPOSING SENTENCE.
B. IMPOSITION OF A FOUR YEAR SENTENCE WAS MANIFESTLY EXCESSIVE AND AN ABUSE OF DISCRETION BY THE COURT.
In a supplemental brief, defendant raised the following additional point:
I. THE ORDER BARRING DEFENDANT FROM ALL ATLANTIC CITY CASINOS SHOULD BE VACATED IN THIS CASE.
Defendant filed a pro se brief raising the following issues:
POINT I: DENIAL OF PRO SE
POINT II: PLEA OFFER BY STATE
POINT III: EXCESSIVE SENTENCE
POINT IV: PROSECUTOR SUMMATION AND WITNESS CREDIBILITY
POINT V: UPDATE ON MUNICIPAL COURT CASE RECORD
POINT VI: PRESENTENCE REPORT ERROR CORRECTION
POINT VII: DEFENSE ON BASIS OF VICTIM OF VIOLENCE
With the exception of providing information as to a proposed plea agreement which was rejected by defendant (Point II); submission of disposition of municipal court complaints pending at the time of trial (Point V); and, a suggestion that defendant is entitled to raise the "battered woman's syndrome" on this appeal, the issues raised by defendant's pro se brief were addressed in defense counsel's previously filed brief.
Defendant first argues that the trial judge erred in requiring her to change her tee shirt prior to trial. At the commencement of the trial, defendant appeared in court wearing a tee shirt that contained the following language: "Atlantic City Police Department, Atlantic City's Finest Liars." The back of the shirt contained additional language: "Police Brutality Victim, Atlantic City." The State moved to require defendant to change her tee shirt. Judge Neustadter agreed, noting that the content of the shirt was testimonial in nature and, although this case did not involve an Atlantic City officer, the interaction between the State Police and defendant was in issue.
We have repeatedly recognized that "`[a] trial judge has the ultimate responsibility to control the trial in the courtroom and is given wide discretion to do so.'" Ryslik v. Krass, 279 N.J.Super. 293, 297, 652 A.2d 767 (App.Div.1995) (quoting Horn v. Village Supermarkets, Inc., 260 N.J.Super. 165, 175, 615 A.2d 663 (App.Div.1992), certif. denied, 133 N.J. 435, 627 A.2d 1141 (1993)). This discretion necessarily empowers the trial judge to maintain decorum and prevent conduct which may improperly impact on the trial process:

*100 "[A] criminal trial, in the constitutional sense, cannot take place where the courtroom is a bedlam.... A courtroom is a hallowed place where trials must proceed with dignity." Illinois v. Allen, 397 U.S. 337, 351, 90 S.Ct. 1057, 1064, 25 L.Ed.2d 353, 363 (1970) (Douglas, J. separate opinion). "To allow the disruptive activities of a defendant ... to prevent his trial is to allow him to profit from his own wrong. The Constitution would protect none of us if it prevented the courts from acting to preserve the very process that the Constitution itself prescribes." Id. at 350, 90 S.Ct. at 1064, 25 L.Ed.2d at 362-363. (Brennan, J., concurring).
[State v. Vasky, 203 N.J.Super. 91, 98, 495 A.2d 1347 (App.Div.1985).]
Included in this broad discretion is the authority to restrict dress or conduct which is impermissibly testimonial in nature. This rule applies to both the State and defendant. See, e.g., State v. Rose, 112 N.J. 454, 541-42, 548 A.2d 1058 (1988) (noting that the trial judge's obligation to insure that a trial is conducted fairly and impartially includes limitations on the dress of police or corrections officers during a trial). Dress that conveys a message to the jury and is germane to the subject matter of the jury's inquiry is particularly susceptible to scrutiny by the trial judge.
The Supreme Court of Colorado alluded to this principle in Ryan v. Cronin, 191 Colo. 487, 553 P.2d 754 (1976). Defendant was charged with an illegal disturbance and picketing related to a dispute with the Gallo Vineyards. Id. at 754. He appeared at trial wearing a button calling for the boycott of Gallo wines. When ordered to remove the button, he refused and was held in contempt. The Colorado court noted: "The trial court, in ruling that the button or pin should be removed, made it clear that the defendant's attempt to communicate with the jury by use of the pin or button was improper." Id. at 755. As here, the button was germane to the subject matter of the trial and conveyed testimonial information to the jury. Cf. Frankel v. Roberts, 165 A.D.2d 382, 567 N.Y.S.2d 1018 (permitting an attorney to wear a button supporting a strike where the proceeding did not involve jurors or witnesses), appeal dismissed, 78 N.Y.2d 1071, 576 N.Y.S.2d 220, 582 N.E.2d 603 (1991). Compare Cohen v. California, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971). In Cohen, defendant wore a jacket bearing the words "Fuck the Draft" in the hallways of a courthouse to express his disagreement with the Vietnam war. He was convicted of disturbing the peace. The Supreme Court of the United States reversed his conviction, finding it impermissible under the First Amendment to criminalize the "simple" display of an expletive. Id. at 26, 91 S.Ct. at 1789, 29 L.Ed.2d at 294-95. In contrast to defendant here, Cohen, who removed his jacket before entering the courtroom, displayed a message that was neither testimonial nor relevant as the slogan was not germane to the subject matter of the court proceedings.
Defendant, here, attempted to place unsworn "testimony" before the jury by wearing the tee shirt to her trial. This was particularly improper because defendant asserted that she acted to protect herself from assault by a police officer. The suggestion of "police brutality" was relevant to defendant's theory of the case. The tee shirt message was nothing less than an overt attempt to place that issue squarely before the triers of fact.
We reject defendant's argument that her constitutional rights were violated by the judge's order. Our decision in State v. Gertrude, 309 N.J.Super. 354, 707 A.2d 178 (App.Div.1998), protects a defendant from involuntarily being tried in prison garb. A trial judge may exercise legitimate discretion to preclude a defendant from wearing inappropriate clothing when such clothing is directed to an improper purpose. A defendant litigant could legitimately be precluded from handing out leaflets to jurors setting forth his or her version of the case. We perceive no reason *101 why such preclusion should not apply to a litigant who chooses to present such "testimony" by a sign around one's neck or a shirt on one's back. Judge Neustadter did not abuse his discretion here by requiring defendant to change her tee shirt.
Defendant next asserts that her conviction should be overturned because of improper references to defendant's prior arrests. During the course of direct examination, the prosecutor elicited from Neupauer that she knew defendant and had arrested her on three prior occasions. After the questions had been asked and answered, defense counsel objected, Judge Neustadter sustained the objections and instructed the jury to disregard the answers.
The simple response to defendant's argument is that the judge sustained the objection, struck the testimony, and the jury presumably followed the instruction. State v. Darrian, 255 N.J.Super. 435, 454, 605 A.2d 716 (App.Div.) (noting that one cannot assume that the jury did not follow the judge's instructions), certif. denied, 130 N.J. 13, 611 A.2d 651 (1992). Thus, we find no discernable basis for altering the conviction based on defendant's argument. We do note, however, that the testimony did establish that Neupauer, who was not in uniform but in a business suit at the time of the incident, was a law enforcement officer, and that fact was known to defendant. Cf. State v. Humphrey, 183 N.J.Super. 580, 584, 444 A.2d 1135 (Law Div.1982) (concluding, in a case involving receiving stolen property, that a jury may infer guilty knowledge from evidence that a defendant received stolen property one year earlier), aff'd, 209 N.J.Super. 152, 507 A.2d 241 (App.Div.1986). On that basis, the testimony is arguably admissible, however, because the testimony was struck, we need not address that issue.
Lastly, in reference to defendant's sentence, we conclude that Judge Neustadter carefully weighed the aggravating and mitigating factors in sentencing defendant to the presumptive four-year term of imprisonment. N.J.S.A. 2C:44-1f(1)(d). We perceive no basis for our intervention.
We have carefully reviewed the record in this matter and conclude that defendant's remaining arguments are without merit and do not require further discussion. R. 2:11-3(e)(2).
Affirmed.