**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2022
_____

ANIL NAYEE,
                        Appellant

v.

ADMINISTRATOR NEW JERSEY STATE PRISON;
ATTORNEY GENERAL NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-15-cv-01288)
District Judge: Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 31, 2023

Before: MATEY, FREEMAN, and FUENTES, *Circuit Judges*.

(Filed July 27, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

MATEY, *Circuit Judge*.

Nayee killed his ex-girlfriend in 2001. Following his arrest, Nayee was involuntarily committed to a mental health facility for psychiatric care. He was diagnosed with major depressive disorder and prescribed antidepressant and antipsychotic medications. At trial, Nayee presented expert testimony to support his defense that mental defects prevented him from forming the requisite intent for murder. The jury disagreed and convicted Nayee on all charges, including murder, resulting in a 50-year sentence.

After unsuccessfully appealing his conviction, Nayee petitioned for a writ of habeas corpus. The District Court denied the petition but issued a certificate of appealability on two issues: whether Nayee was denied due process and effective assistance of counsel 1) by appearing in a correctional uniform at trial, and 2) by his attorney's failure to request, and the trial court's failure to charge, a jury instruction on the lesser included offense of manslaughter. Finding no error, we will affirm.[1]

## I.

Because the District Court denied Nayee's habeas petition without an evidentiary hearing, we exercise plenary review over its decision. *Adamson v. Cathel*, 633 F.3d 248, 254 (3d Cir. 2011). A state prisoner is entitled to habeas relief only if he is held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). But relief is unavailable when a petitioner's claims were previously decided on the merits in state court proceedings, unless adjudication of the claim resulted

---

[1] The District Court had jurisdiction under 28 U.S.C. § 2254(a). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a).

in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d).

## A.    Attire

Nayee argues he was denied a fair trial because he appeared before the jury wearing a prison uniform. Not so. While a defendant cannot be compelled "to stand trial before a jury while dressed in identifiable prison clothes, the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." *Estelle v. Williams*, 425 U.S. 501, 512–13 (1976).

Nayee's attorney made "no objection" to his client's jail attire during trial, App. 415, despite being "fully conscious" of the attire issue, *Estelle*, 425 U.S. at 510. Indeed, the assistant prosecutor asked about Nayee's clothing during trial proceedings. App. 415 ("Judge, just one issue. . . . [Nayee's attorney] has no objection to [Nayee] showing up [in prison garb]. I don't know what the Court's position is, however."). But Nayee's attorney said his client had no civilian clothing available.[2] And even if he did, Nayee's counsel explained he had no concerns, given that facts adduced at trial would reveal Nayee was incarcerated. Nothing in the record "warrants a conclusion that [Nayee] was

---

[2] On appeal, Nayee claims that, while his family was willing to provide civilian clothing for trial, "he was not made aware of his rights" to wear such clothing. Reply Br. 8. But that fact fails to prove the "compulsion necessary to establish a constitutional violation." *Estelle*, 425 U.S. at 513.

3

compelled to stand trial in jail garb," and the District Court properly denied his due process claim.[3] *Estelle*, 425 U.S. at 512.

Nor can Nayee succeed on his ineffective assistance claim. To do so, Nayee must show that 1) his counsel's performance was deficient, such that it "fell below an objective standard of reasonableness," and 2) the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). We presume that an attorney's performance "falls within the wide range of reasonable professional assistance." *Id.* at 689. And we demand "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Nayee claims his attorney was ineffective for allowing Nayee to appear in prison garb during trial, for failing to ensure he had civilian clothing available, and for failing to request other remedial measures, such as cautionary jury instructions.[4] But even if

---

[3] "Nor can the trial judge be faulted for not asking" Nayee "whether he was deliberately going to trial in jail clothes." *Estelle*, 425 U.S. at 512. Though New Jersey courts have held that "criminal defendants appearing for a jury trial in prison garb should be personally questioned by the trial judge concerning their desire to relinquish the right to appear in civilian clothing," they have not held that personal questioning is a constitutional requirement. *State v. Carrion-Collazo*, 534 A.2d 21, 26 (N.J. Super. Ct. App. Div. 1987); *State v. Gertrude*, 707 A.2d 178, 179 (N.J. Super. Ct. App. Div. 1998) (describing *Carrion-Collazo* as establishing "protective procedures to be followed" in future cases). And "[i]nsofar as [Nayee] simply challenge[s]" the application of New Jersey caselaw, he "allege[s] no deprivation of federal rights and may not obtain habeas relief." *Engle v. Isaac*, 456 U.S. 107, 119 (1982).

[4] The District Court found this claim unexhausted but denied it on the merits as not colorable. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (stating that federal courts can "deny an unexhausted claim on the merits if

4

counsel's performance was deficient, Nayee has not shown that the deficiency prejudiced him. *See Harrington v. Richter*, 562 U.S. 86, 112 (2011) ("The likelihood of a different result must be substantial, not just conceivable." (citation omitted)). The trial judge properly instructed the jury on the presumption of innocence. And Nayee himself conceded that he killed the victim, leaving his state of mind as the critical issue during trial. So no reasonable probability existed that Nayee "would not have been convicted . . . had he appeared in civilian clothes." *Hill v. Mitchell*, 400 F.3d 308, 320–21 (6th Cir. 2005) (rejecting ineffective assistance claim by defendant wearing prison garb when "jury learned from the outset" of trial that defendant had confessed to killing victim).[5]

**B.    Jury Instruction**

Additionally, Nayee claims his constitutional rights were violated when the trial court failed to instruct the jury on the lesser included offense of manslaughter. But he points to no "clearly established Federal law, as determined by the Supreme Court," requiring such an instruction in this case. 28 U.S.C. § 2254(d)(1); *see McMullan v. Booker*, 761 F.3d 662, 667 (6th Cir. 2014) (stating the Supreme Court "has never held that the Due Process Clause requires instructing the jury on a lesser included offense in a

---

it is perfectly clear that the applicant does not raise even a colorable federal claim" (citation and quotation marks omitted)).

[5] Nayee also challenges the trial judge's failure to issue cautionary jury instructions regarding the prison garb and to specifically address the attire issue during voir dire. But no authority supports the argument that the omissions amounted to a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

non-capital case" (citation omitted)). *See also Beck v. Alabama*, 447 U.S. 625, 638 & n.14 (1980) ("We need not and do not decide whether the Due Process Clause would require the giving of such instructions in a noncapital case."). So Nayee has demonstrated no entitlement to habeas relief on this claim.

Nor was Nayee deprived of effective assistance when his attorney declined to request the lesser included offense instruction.[6] Both counsel and the trial judge agreed "there [wa]s no rational basis in the evidence" presented for a manslaughter charge, App. 32, because the evidence failed to show Nayee "acted in a reckless manner," App. 37. Indeed, Nayee's attorney said a manslaughter charge and its requisite elements would not square with "the defense's theory" of the case. App. 31. So counsel and the trial judge both concluded there was insufficient "evidence in the record from which" a jury could have found a lesser degree of homicide. *McKernan v. Superintendent Smithfield SCI*, 849 F.3d 557, 567 (3d Cir. 2017). In other words, Nayee cannot demonstrate he was prejudiced by counsel's decision, as there was no "reasonable probability that the jury would have convicted [Nayee] of [manslaughter] only and not of [murder] if counsel had requested the [manslaughter] instruction." *Breakiron v. Horn*, 642 F.3d 126, 138 (3d Cir. 2011). Nayee has not shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

---

[6] As with Nayee's ineffective assistance claim regarding his trial attire, the District Court found this claim unexhausted but denied it on the merits as not colorable.

**II.**

For these reasons, we will affirm the judgment of the District Court.