STATE

v.

**David B. OAKES.**

No. 83–136–M.P.

Supreme Court of Rhode Island.

April 27, 1983.

Richard A. Ciccone, John S. Coughlin, Providence, for petitioner.

Dennis J. Roberts II, Atty. Gen., Sharon O'Keefe, Sp. Asst. Atty. Gen., for respondent.

## OPINION

PER CURIAM.

This case came before us on a petition for certiorari filed by David B. Oakes (Oakes) seeking review of an order entered by a justice of the Superior Court allowing Oakes to take the deposition of a witness but denying Oakes the right to videotape such deposition at his own expense. Counsel argued orally before the court on April 4, 1983. After consideration of the argu-ments of counsel and memoranda filed by the parties, we are of the opinion that the Superior Court justice erred in failing to allow a videotape deposition to be taken pursuant to the provisions of Rule 15 of the Superior Court Rules of Criminal Procedure. This rule, when read together with Rule 30(b)(2) of the Superior Court Rules of Civil Procedure, authorizes the recording of testimony at a deposition "by other than stenographic means."

■ This case involves two separate issues that appear to have been inappropriately combined by the state and by the trial justice. The first issue is a determination of whether or not a videotape deposition should be allowed to be taken under circumstances in which a witness may not be available at trial. This issue should be resolved liberally in favor of allowing the deposition to be taken. The second issue involves a determination of whether such deposition should be allowed to be used at the trial. The use of the deposition is controlled by the terms of Super.R.Crim.P. 15(e). In summary, such use will be allowed only if the witness is proven to be unavailable. This rule should be applied reasonably but strictly in accordance with its terms.

■ We believe that Oakes made a sufficient showing of possible unavailability of the witness in order to be allowed to take the videotape deposition. Such videotape deposition may be used at the trial only in the event that the trial justice finds the witness to be unavailable, in accordance with the provisions of Super.R.Crim.P. 15(e).

For the reasons stated, Oakes's petition for certiorari is hereby granted. The order of the Superior Court denying the use of videotape in recording the proposed deposition is hereby quashed. The papers in the case are remanded to the Superior Court with our decision endorsed thereon.