209 N.J. Super. 152 (1986)
507 A.2d 241
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WAYNE HUMPHREY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 20, 1986.
Decided March 14, 1986.
*153 Before Judges ANTELL and SHEBELL.
Thomas S. Smith, Acting Public Defender, attorney for appellant (Rita E. Donnelly of counsel and on the brief).
George L. Schneider, Essex County Prosecutor, attorney for respondent (Marc J. Friedman, Assistant Prosecutor, of counsel).
PER CURIAM.
On this appeal defendant contends that the trial court committed reversible error by admitting a transcript of defendant's plea of guilty to an earlier charge of receiving which had been filed against him in the Irvington Municipal Court. The *154 transcript was received under N.J.S.A. 2C:20-7b(2) which provides that the guilty knowledge requisite to the proof of receiving may be found where the person on trial "[h]as received stolen property in another transaction within the year preceding the transaction charged...." Defendant argues it should not have been admitted because the Municipal Court judge failed to establish that the defendant knew of the stolen character of the property there involved. From our examination of the transcript it clearly appears that in accepting the plea the Municipal Court judge ascertained from the defendant that the property had been stolen and that defendant had accepted it. Although N.J.S.A. 2C:20-7a specifically requires proof of knowledge or belief that the property was stolen as a condition to guilt of theft, it defines "receiving" merely as "acquiring possession, control or title, or lending on the security of the property." We disagree that N.J.S.A. 2C:20-7b(2) either contemplates the proof of "theft" within the meaning of N.J.S.A. 2C:20-7a or requires that proof of the earlier act of receiving take the form of a conviction for that offense.
Defendant also asserts the following contentions:
The Court committed reversible error by admitting hearsay evidence.
The Court's instruction in its charge to the jury in respect to defendant's prior disorderly person's conviction was reversible error.
The Court erred in denying defendant's motion for judgment of acquittal or new trial because the verdict was against the weight of the evidence.
The Court erred in evidencing bias in favor of the State in commenting on the evidence.
After carefully examining the record on appeal, including the briefs and appendices and relevant parts of the transcript, we are entirely satisfied that the foregoing contentions are clearly without merit. R. 2:11-3(e)(2).
Affirmed.