Lynn–Marie COFFEY et al.

v.

JAMES H. McMANUS SHOPPES OF AMERICA, INC., et al.

No. 93–108–M.P.

Supreme Court of Rhode Island.

Oct. 8, 1993.

Richard A. Ciccone, Providence, for plaintiffs.

Joseph C. Salvadore, Providence, for defendants.

OPINION

PER CURIAM.

Lynn–Marie Coffey and Brian Coffey filed a petition for certiorari in this court, seeking review of an order entered by a justice of the Superior Court. The order denied the plaintiffs' motion to take videotaped depositions of witnesses in a personal-injury suit. Both parties were ordered to appear before this court to show cause why the issues raised in this petition should not be summarily decided.

On April 19, 1989, Lynn–Marie Coffey and Brian Coffey (plaintiffs) brought suit against James H. McManus Shoppes of America, Inc. (McManus), and Gregg R. Rains (defendants), seeking damages for injuries sustained by Lynn–Marie Coffey when she fell while leaving the McManus restaurant. On February 5, 1993, plaintiffs filed a motion to take videotaped depositions of five witnesses pursuant to Rule 30(b)(2) of the Superior Court Rules of Civil Procedure. In that motion plaintiffs averred inter alia that two of the prospective witnesses would be unavailable for trial because one had moved, and the other would be moving out of state. The plaintiffs also requested in their motion that defendants' counsel be required to set forth objections to any of the questions propounded to these two witnesses during the videotaped depositions. The plaintiffs' motion stated that the videotaped depositions would be simultaneously stenographically recorded, thereby ensuring that the testimony would be accurate and trustworthy.

In denying plaintiffs' motion in regard to all witnesses, the justice stated that nothing in the motion or at oral argument persuaded her that videotaped depositions were in order. Prior to the entry of the justice's order, one of the prospective witnesses already had moved out of state. The defendants, therefore, agreed to the videotaped deposition of that witness but have refused to agree to set forth their objections to questions during that deposition.

The defendants' objection to the video-taped deposition is in part based on plaintiffs' proposed use of a previously recorded videotape as an exhibit at the videotaped deposition. The plaintiffs anticipate using a freeze-frame of a prerecorded videotape of the premises that shows the alleged conditions on the night of Lynn–Marie Coffey's injury. The defendants argue that this technique would cause confusion. They also assert that absent a sufficient showing of compelling circumstances and the actual unavailability of a witness, videotaped depositions of available witnesses are generally not permitted.

 After considering the arguments and memoranda of counsel, we are of the opinion that the videotaped depositions of all the witnesses should be allowed. Rule 30(b)(2) provides that, upon motion, the Superior Court may order the recording of depositions "by other than stenographic means." This court in *State v. Oakes*, 458 A.2d 1083, 1084 (R.I.1983), ruled that the issue of allowing videotaped depositions was an entirely separate issue from that of their admissibility at trial. In cases where the witness may not be available at trial, we have stated that any question of permitting videotaped depositions should be resolved liberally in favor of allowing the depositions to be videotaped. *Id.* We, in addition, are of the opinion that deposition by videotape should be liberally allowed for discovery.

In conformity with this position, we believe that the videotaped depositions should be allowed in the instant case. Further, we direct that during the videotaped depositions of the out-of-state witness and of the witness who is contemplating leaving the state, counsel make objections and state the grounds therefor. Thus, inquiring counsel may determine whether opposing counsel's objection can be obviated by rephrasing a question.

Finally, the admissibility of depositions using the freeze-frame technique within a videotaped deposition is a matter to be ruled on by the trial justice at the time of trial.

For the reasons stated, the plaintiffs' petition for certiorari is granted. The order of the Superior Court denying the videotaped depositions is hereby quashed, and the papers in the case are remanded to the Superior Court for further proceedings in accordance with this opinion.

FAY, C.J., did not participate.