269 N.J. Super. 627 (1994)
636 A.2d 128
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KEITH HARDAWAY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 30, 1993.
Decided January 24, 1994.
*628 Before Judges BRODY, STERN and KEEFE.
*629 Zulima V. Farber, Public Defender, attorney for appellant (Clarkson S. Fisher, Jr., Designated Counsel, of counsel and on the brief).
Fred DeVesa, Acting Attorney General, attorney for respondent (Chana Barron, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by BRODY, P.J.A.D.
Following a jury trial, defendant was convicted of first-degree aggravated manslaughter, a violation of N.J.S.A. 2C:11-4a; second-degree possession of a firearm for an unlawful purpose, a violation of N.J.S.A. 2C:39-4a; and third-degree unlawful possession of a handgun, a violation of N.J.S.A. 2C:39-5b. The trial court imposed concurrent prison terms: twenty-one years, seven years to be served before parole eligibility, for the aggravated manslaughter; eight years, three years to be served before parole eligibility, for possessing a firearm for an unlawful purpose; and five years for possessing the handgun unlawfully.
The State presented evidence that defendant and his brother sought to avenge a beating the victim had inflicted on defendant's brother when they fought over undue attention the victim accused defendant's brother of paying to the victim's girlfriend. Armed with a handgun, defendant's brother shot and killed the victim on the street in the presence of defendant who was egging him on. In order to prove that defendant was at the scene of the shooting, the State presented evidence, over defendant's objection, that two and a half weeks after the shooting defendant had committed an armed robbery in the parking lot of a nightclub with the same gun that killed the victim.
Defendant contends that former Evid.R. 55 (now N.J.R.E. 404(b)) and former Evid.R. 4 (now N.J.R.E. 403) preclude admission of evidence of the robbery.[1] Defendant concedes that his possession of the handgun within three weeks of the shooting is evidence of his presence at the shooting and therefore such evidence is admissible under Rule 55. He argues, however, that *630 the State could have made the point without the testimony of the two victims of the robbery in which they described in detail how defendant committed the crime, including the fact that he terrorized them by holding the handgun to their heads. We agree and reverse the convictions.
Defendant was apprehended outside the nightclub by an Essex County constable who was providing security at the club. Just after the club closed for the night, someone reported the robbery to the constable while it was still in progress. He ran outside to the parking lot, saw defendant, grabbed him and threw him to the ground. The constable testified that after he handcuffed defendant he rolled him over and found the handgun in his waistband. The constable then called the police. One of the police officers who responded testified that he made the formal arrest at the club where he received the handgun from the constable.
The two robbery victims both testified before the constable and the arresting officer testified. Each described the details of the robbery and the fear they felt when defendant put the handgun to their heads. They also identified the handgun and described how defendant was captured.
The trial court correctly ruled that evidence of the robbery was admissible because it was relevant to prove that defendant was at the scene of the homicide. See State v. Porambo, 226 N.J. Super. 416, 544 A.2d 870 (App.Div. 1988). However, it did not articulate any weighing of the probative value of the evidence against its prejudicial effect and made no effort to learn the scope and content of the proffered evidence in order to limit it to the facts that made it admissible.
Rule 55 allows a court to admit other-crime evidence against a defendant as long as it is relevant. However, it may not be admitted to prove that the defendant committed the crime in question because he is a bad person who committed other crimes. State v. Stevens, 115 N.J. 289, 558 A.2d 833 (1989).
Before the court admits such evidence, its "probative value ... should be carefully balanced against the danger that it will create undue prejudice against the defendant." Id. at 302, 558 *631 A.2d 833. Evid.R. 4. The weighing process requires the court on its own initiative to determine the scope and content of the proffered evidence to be sure that the fact it is offered to prove cannot be proved by less prejudicial evidence. "In weighing the probative worth of other-crime evidence, a court should consider not only its relevance but whether its proffered use in the case can adequately be served by other evidence." Id. at 303, 558 A.2d 833.
Here, for instance, the State offered the evidence to prove that less than three weeks after the homicide defendant possessed the handgun that was used to kill the victim. This fact could have been proved by the constable's testimony alone without displaying the robbery victims to the jury and having them describe the terror of the armed robbery. See State v. Lumumba, 253 N.J. Super. 375, 390-91, 601 A.2d 1178 (App.Div. 1992) ("Moreover, the evidence placing defendant and Wilkerson together and connecting them with the Camaro on August 25 could readily have been admitted without the wholesale proof of the attempted murder.")
We are convinced that in this case much of the other-crime evidence was inadmissible and, given its inherent prejudicial effect, had the clear capacity to produce an unjust result. We arrive at that conclusion in part because the State's main evidence linking defendant to the homicide was the testimony of a felon of questionable credibility who shortly before trial was given consideration by the State that reduced a custodial sentence he was serving in an unrelated case. He testified that defendant once told him that he participated with his brother in the shooting.
The convictions are reversed and the matter is remanded for a new trial.
NOTES
[1] For purposes of this opinion we will use the former designations of the rules.