60 A.3d 514

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. BRUCE E. LIGE A/K/A BRUCE EDWARD LIGE,
DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 19, 2012—Decided February 22, 2013.

---

Before Judges ASHRAFI, HAYDEN and LISA.[1]

*John Douard*, Assistant Deputy Public Defender, argued the cause for appellant (*Joseph E. Krakora*, Public Defender, attorney; *Mr. Douard*, of counsel and on the brief).

[1] Judge Lisa did not participate at oral argument of the appeal but has participated in the decision with the consent of the parties. *See R.* 2:13–2(b).

*Ashlea D. Thomas,* Deputy Attorney General, argued the cause for respondent (*Jeffrey S. Chiesa,* Attorney General, attorney; *Ms. Thomas,* of counsel and on the brief).

The opinion of the court was delivered by

ASHRAFI, J.A.D.

When defendant Bruce Lige was tried on the theft charges from which he now appeals, he already had a record of criminal convictions that stood apart from that of the typical recidivist. At the age of forty-seven, he had been convicted and sentenced in the Superior Court about eighteen times for thefts and other offenses, and in the municipal courts about nine additional times for various disorderly persons and lesser offenses.

In February 2010, he stood trial in Middlesex County on yet another indictment, this time charging two third-degree theft offenses—receiving a stolen tow truck and receiving a stolen motor vehicle license plate. The jury found defendant guilty of both charges, and the court sentenced him to an extended term of ten years imprisonment with the maximum available period of five years of parole ineligibility. We are compelled to reverse the convictions and grant defendant a new trial because a crucial statute, *N.J.S.A.* 2C:20–7(b), was misapplied at defendant's trial.

■ That statute allows the jury to infer that a defendant knew he possessed stolen property through evidence that he had been found in possession of yet other stolen items that are not the subject of the charges before the jury. The statute was adapted from a section of the Model Penal Code that established a presumption of guilty knowledge applicable to "dealers" in stolen items. *Model Penal Code* § 223.6(2). In New Jersey's Code of Criminal Justice, the presumption of knowledge was made to apply to any person found to be in possession of stolen items. Cannel, *N.J. Crim. Code Ann.* cmt. 1 to *N.J.S.A.* 2C:20–7 (2012). "The theory of this presumption is that the odds of innocent possession of stolen property decreases as the number of incidents where the defendant possessed stolen property increases." *Id.*

cmt. 5 to *N.J.S.A.* 2C:20–7 (citing *State v. Dixon,* 114 *N.J.* 111, 114, 553 *A.*2d 1 (1989)).

In this case, the trial court incorrectly applied *N.J.S.A.* 2C:20–7(b) to transactions outside the one-year time limit covered by the statute. The court permitted the jury to hear extensive testimony about defendant's theft offenses outside the time limitation without determining whether that evidence was admissible under *N.J.R.E.* 404(b), the evidence rule that applies generally to "other crimes evidence." The jury received incorrect instructions on how to use the detailed testimony and documentary evidence pertaining to four other theft offenses committed by defendant several years earlier and one committed several months after the offenses charged in the indictment. The legal error so permeated the trial that the verdict cannot stand. Defendant is entitled to be retried.

The evidence showed that defendant did auto mechanical work and kept vehicles at his home in New Brunswick. In June 2006, a police detective from Warren County was investigating the theft of a Ford F–350 pickup truck from an auto salvage yard in his jurisdiction. The detective developed evidence that a vehicle bearing a license plate registered to defendant's wife was at the auto salvage yard near the time the Ford truck was stolen. On June 26, 2006, the detective went to defendant's address in the company of New Brunswick police officers and saw both the suspected vehicle registered to defendant's wife and the stolen Ford truck parked near defendant's home. While waiting for a tow truck to retrieve the stolen pickup truck, the detective saw a black tow truck parked in the back of the home. The tow truck had a license plate that was registered to a beige Nissan passenger car. The detective could not see a Vehicle Identification Number (VIN) because the tow truck was partially covered by a tarp. He did not come into contact with defendant on that date and left after retrieving the Ford pickup truck stolen in Warren County.

One month later, on July 28, 2006, the detective and New Brunswick police officers returned to defendant's residence with a

warrant for his arrest on the Warren County theft. They again saw in the backyard the tow truck with the Nissan license plate. It appeared to have been freshly painted a dark gray color. This time, the police were able to obtain the tow truck's VIN, and they learned it had been reported missing on May 12, 2006, from an auto repair shop in Burlington County. The police also learned that the Nissan license plate had expired the previous year. They seized the tow truck and the license plate, and arrested defendant.

A Middlesex County grand jury indicted defendant on charges of receiving the stolen tow truck, *N.J.S.A.* 2C:20–7, a third-degree offense, and receiving the stolen license plate, also a third-degree offense because the license plate was a public record, *N.J.S.A.* 2C:20–2(b)(2)(g). The indictment charged that defendant had committed both offenses on July 28, 2006.

■ *N.J.S.A.* 2C:20–7 states in relevant part:

a. Receiving. A person is guilty of theft if he knowingly receives or brings into this State movable property of another *knowing that it has been stolen, or believing that it is probably stolen.* It is an affirmative defense that the property was received with purpose to restore it to the owner ....

[Emphasis added.]

The statute requires proof of defendant's guilty knowledge, that is, his knowledge that the property in his possession was stolen or belief that it probably was stolen. *See State v. McCoy,* 116 *N.J.* 293, 298, 561 *A.*2d 582 (1989) (knowing that the property was stolen is a key element of the offense).

Because a defendant's guilty knowledge is difficult to prove by direct evidence, the criminal laws historically permitted the defendant's state of mind to be deduced from possession of a recently stolen item without an adequate explanation. *See State v. DiRienzo,* 53 *N.J.* 360, 374, 251 *A.*2d 99 (1969) ("possession of recently stolen property permits an inference that the possessor knew that the property had been stolen, unless the possession is satisfactorily accounted for"); *State v. Laster,* 69 *N.J.Super.* 504, 507–08, 174 *A.*2d 486 (App.Div.1961) (construing *N.J.S.A.* 2A:139–1, the predecessor of *N.J.S.A.* 2C:20–7(b), as creating "a permissive presumption of guilty knowledge from the mere possession of stolen goods"

if the defendant received the goods within one year of the time they were stolen).

In place of the prior law, the 1979 New Jersey Criminal Code established a more restricted statutory presumption of knowledge in four defined circumstances. Two of those circumstances are relevant to this case:

b. Presumption of knowledge. The requisite knowledge or belief is presumed in the case of a person who:

(1) Is found in possession or control of two or more items of property stolen on two or more separate occasions; or

(2) Has received stolen property in another transaction within the year preceding the transaction charged. . . .

[*N.J.S.A.* 2C:20–7(b).]

Although the statute refers to a "presumption of knowledge," it is interpreted for constitutional reasons like the prior law as establishing a "permissive inference" by the jury of defendant's guilty knowledge of the stolen nature of the property. *State v. Humphrey,* 183 *N.J.Super.* 580, 583–84, 444 *A.*2d 1135 (Law Div.1982), *aff'd,* 209 *N.J.Super.* 152, 507 *A.*2d 241 (App.Div.1986).

In this case, before the trial began, the prosecution provided notice that it intended to offer in evidence testimony and documentary evidence to prove six instances of defendant being in possession of stolen goods other than the tow truck and license plate seized from his backyard on July 28, 2006. One of those instances was on June 26, 2006, when the police recovered the Ford pickup truck stolen in Warren County. The other five instances were as follows:

(1) May 21, 2001—defendant fled from a car in which the police found three police badges and other items stolen from a business that sold police uniforms and related items;

(2) September 26, 2001—defendant was found in possession of six stolen power tools and was indicted on theft charges; he subsequently pleaded guilty to the disorderly persons offense of resisting arrest;

(3) March 27, 2002—the police responded to an alarm, and defendant was eventually apprehended as a suspect to a burglary and attempted theft of a motorcycle; defendant pleaded guilty to theft of a different motor vehicle by which he had fled from the scene of the burglary;

(4) June 27, 2002—defendant was caught on a surveillance tape removing an ATM machine and cartons of cigarettes out of a delicatessen; he pleaded guilty to burglary of the store; and

(5) October 25, 2006—police stopped defendant's car and found in his possession a catalytic converter that had been stolen in Warren County in June 2006 at the same time as the Ford pickup truck that was recovered from the front of his home that same month; defendant confessed to possession of the stolen catalytic converter.

The trial court conducted a pretrial evidentiary hearing to determine whether the prosecution could produce clear and convincing evidence of these other theft offenses and whether they were admissible under *N.J.S.A.* 2C:20–7(b). Defense counsel failed to argue that the statute does not authorize admission of other offenses when the incidents occurred several years before the date of the charges in the pending case, or after that date. Instead, defense counsel argued that the prosecution lacked sufficient evidence of those thefts and that the statute did not authorize admission of any prior or later instance in which defendant was only in possession of a single stolen item, such as the instances marked as numbers three and five in our list of the other thefts. The trial court correctly rejected the latter contention. Upon hearing the evidence of the other offenses, the court concluded that the prosecution could meet the clear and convincing standard of proof as to all five listed instances. It ruled that the proffered evidence would be admissible before the jury.

At the trial, the prosecution presented testimony from fifteen witnesses to prove the other instances of defendant's possession of stolen items, besides his possession of the tow truck and the license plate on July 28, 2006. The witnesses were police officers from municipalities in four different counties and the proprietors of businesses from which the property had been stolen. With minor exceptions, defense counsel did not cross-examine the witnesses who testified about these other incidents.[2]

---

[2] Defense counsel did cross-examine the witnesses in the pretrial hearing outside the jury's presence. Having failed to keep the evidence out of the trial,

Defendant elected not to testify. In the defense case, he presented testimony by his wife, his brother, and his son-in-law to the effect that the stolen Burlington County tow truck was brought to his home for mechanical repair work and that he had in fact been working on the vehicle. The defense witnesses also testified that the expired license plate came along with the tow truck. Defense counsel argued to the jury that defendant did not know the tow truck and license plate were stolen.

To refute the defense contentions, the prosecutor's closing argument emphasized the prior instances of defendant's possession of stolen items. The prosecutor argued:

And I would submit to you that on July the 28th, 2006, the defendant knowingly possessed stolen property on that particular date. If it happens once, it's an accident. If it happens twice, it's a coincidence. If it happens three times, it's because you know. If it happens seven times, you definitely know.

The court's final instructions to the jury referred to the specific dates and the stolen items we have listed as evidence the jury could use to determine whether defendant had the requisite guilty knowledge. As previously stated, the jury convicted defendant of both third-degree charges.

On appeal, defendant makes the following arguments:

POINT I

THE COURT ADMITTED HIGHLY PREJUDICIAL EVIDENCE THAT MR. LIGE WAS FOUND IN POSSESSION OF STOLEN PROPERTY YEARS BEFORE THE INCIDENT CHARGED AND THAT HE COMMITTED A SIMILAR OFFENSE AFTER THE INCIDENT CHARGED, CONTRARY TO THE PLAIN LANGUAGE OF *N.J.S.A.* 2C:20–7b(1) & (2). *U.S. CONST. AMENDS.* V, VI, XIV; *N.J. CONST.*, ART. I, ¶¶ 1 and 10.

(Not Raised Below).

POINT II

THE OTHER–CRIMES EVIDENCE WAS SO PREJUDICIAL THAT THE COURT SHOULD HAVE PERMITTED THE STIPULATION DEFENDANT OFFERED TO REDUCE THE AMOUNT OF UNNECESSARY DETAIL ABOUT THOSE INCIDENTS PRESENTED TO THE JURY. *U.S. CONST. AMENDS.* V, VI, XIV; *N.J. CONST.*, ART. I, ¶¶ 1 and 10.

---

defense counsel apparently thought it best not to prolong the jury's exposure to testimony about defendant's other crimes.

*POINT III*

THE JUDGE FAILED TO PROVIDE A PROMPT AND PROPER LIMITING INSTRUCTION AS THE HIGHLY PREJUDICIAL EVIDENCE OF OTHER CRIMES WAS PRESENTED TO SUPPORT THE *N.J.S.A.* 2C:20-7b(1) & (2) GUILTY–KNOWLEDGE INFERENCE, THEREBY DENYING MR. LIGE HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL. *U.S. CONST. AMENDS.* V, VI, XIV; *N.J. CONST.*, ART. I, ¶¶ 1 and 10.

*POINT IV*

DURING SUMMATION, THE PROSECUTOR SHIFTED THE BURDEN OF PROOF TO MR. LIGE, BOLSTERED OFFICER BROWN'S TESTIMONY AND UNFAIRLY ATTACKED MR. LIGE'S CHARACTER AND DEFENSE, DE-PRIVING MR. LIGE OF DUE PROCESS AND A FAIR TRIAL. *U.S. CONST. AMENDS.* V, VI, XIV; *N.J. CONST.*, ART. I, ¶¶ 1 and 10.

*POINT V*

THE EXTENDED TERM OF TEN YEARS' IMPRISONMENT SUBJECT TO A FIVE–YEAR PAROLE DISQUALIFIER IS EXCESSIVE, UNDULY PUNI-TIVE, AND MUST THEREFORE BE REDUCED.

As we have said, we agree with defendant that his trial was tainted by improper use of the statutory inference of guilty knowledge.

 *N.J.S.A.* 2C:20-7(b) did not permit admission of other instances when defendant was in possession of stolen items if those instances occurred more than a year before the date rele-vant to the charges for which he was being tried, July 28, 2006, or the one instance that occurred after that date. Subsection (2) of the statute applies to evidence of "another transaction" in which defendant "received stolen property." All of the other instances when defendant was in possession of stolen items involved "anoth-er transaction" by which defendant had received stolen property. Subsection (2) is expressly limited to other transactions that occurred "within the year preceding the transaction charged." The only evidence that fit the one-year limitation was testimony about the stolen Ford pickup truck found at defendant's residence on June 26, 2006. The other five instances all occurred several years earlier or several months after July 28, 2006.

The State contends that the other instances were admissible under subsection (1) of the statute, which permits inference of defendant's guilty knowledge if he "[i]s found in possession or

control of two or more items of property stolen on two or more separate occasions." The State argues that subsection (1) has no time limitation and that its plain language applies to the other five instances we have listed when defendant was in possession of stolen items. That reading of subsection (1), however, renders subsection (2) superfluous. *See State v. Wright*, 107 *N.J.* 488, 502, 527 *A.*2d 379 (1987) ("courts are to avoid constructions that make statutory provisions redundant or meaningless"). Subsection (2) would not be needed if all other instances when a defendant was in possession of stolen items may be presented under subsection (1). The time limitation the Legislature placed in subsection (2) would be meaningless.

By referring to "two or more items of property stolen on two or more separate occasions," subsection (1) implies that the property that is the subject of the charge for which defendant currently stands accused is at least one of those items. Defendant's simultaneous possession of items stolen on different occasions is probative of his guilty knowledge that property that is the subject of the current charge was stolen.

In *Dixon, supra*, 114 *N.J.* at 114, 553 *A.*2d 1, the Supreme Court described the statutory presumption of *N.J.S.A.* 2C:20–7(b) in conformity with our understanding.[3] The Court stated: "[T]he Code sensibly allows a presumption of knowledge if a person either received other stolen goods within the previous year or currently has possession of more than one item stolen on separate occasions." *Dixon, supra*, 114 *N.J.* at 114, 553 *A.*2d 1. The phrase "currently has possession" indicates the Court's understanding, as is ours, that subsection (1) applies to possession of items stolen on a separate occasion but discovered in conjunction with a stolen item that is the subject of the charges currently being prosecuted.

---

[3] The discussion of *N.J.S.A.* 2C:20–7(b) in Dixon was by way of an illustration and not part of the Court's holding. That case involved construction and application of a different theft statute.

Contrary to the State's argument, our interpretation of the statute does not mean that only items charged in an indictment are subject to the permissive inference established by subsection (1). Although we do not intend to limit proper application of that subsection by the following illustration, we discern that the subsection will often apply where the police seize stolen goods at one time that were obtained from multiple thefts or burglaries, often from different jurisdictions. Evidence of the stolen items found simultaneously but not part of the charges being currently adjudicated may be admitted under subsection (1) to permit an inference that defendant knew the charged items were also stolen.

In sum, we conclude that *N.J.S.A.* 2C:20–7(b) did not permit admission of instances when defendant was in possession of stolen items several years before the date of the transaction charged, or after that date.

By this decision, we do not hold that the prosecution had no alternative means by which it might seek to present evidence of defendant's other theft crimes as proof of his requisite state of mind. Had the State proffered the evidence pursuant to *N.J.R.E.* 404(b), the trial court would have been required to apply the criteria of *State v. Cofield*, 127 *N.J.* 328, 605 *A.*2d 230 (1992), and *State v. Marrero*, 148 *N.J.* 469, 691 *A.*2d 293 (1997), to determine whether some or all of the challenged evidence could be admitted. We do not decide here, one way or the other, whether the prosecution's other crimes evidence is admissible under *N.J.R.E.* 404(b).

We also do not decide on this appeal whether the trial court should have accepted defendant's offer to stipulate to the other instances when he possessed stolen goods rather than permitting the prosecution to present many witnesses to testify about the facts of those other crimes. On remand, if the trial court admits other crimes evidence, it should again consider whether the prosecution may decline a defense offer to stipulate to some or all of the relevant facts. *See Old Chief v. United States*, 519 *U.S.* 172, 117 *S.Ct.* 644, 136 *L.Ed.*2d 574 (1997); *State v.*

*Josephs,* 174 *N.J.* 44, 121–22, 803 *A.*2d 1074 (2002); *State v. Alvarez,* 318 *N.J.Super.* 137, 150–54, 723 *A.*2d 91 (App.Div.1999). In that regard, we also note that in *State v. Hardaway,* 269 *N.J.Super.* 627, 631, 636 *A.*2d 128 (App.Div.1994), we stated in reference to *N.J.R.E.* 404(b) that the court should "determine the scope and content of the proffered evidence to be sure that the fact it is offered to prove cannot be proved by less prejudicial evidence."

Although it is not necessary for us to reach any other issues defendant raises, we add for purposes of completeness that we have considered and reject without discussion, *R.* 2:11–3(e)(2), defendant's argument in Point IV of his brief pertaining to the prosecutor's summation remarks, and his argument in Point V challenging the sentence imposed.

Reversed and remanded for a new trial. We do not retain jurisdiction.