SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

## State v. Bruce E. Lige (A-15-13) (072327)

**(NOTE: The Court did not write a plenary opinion in this case. Instead, the Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Ashrafi's written opinion, which is published at 429 N.J. Super. 490 (App. Div. 2013).)**

**Argued October 6, 2014 -- Decided October 29, 2014**

**PER CURIAM**

In this appeal concerning defendant's convictions for theft and receiving stolen property, the Court considers the application of N.J.S.A. 2C:20-7(b), which allows the jury to infer that a defendant knew he possessed stolen property through evidence that he had been found in possession of other stolen items that are not the subject of the charges before the jury.

A Middlesex County grand jury indicted defendant on charges of receiving a stolen tow truck, N.J.S.A. 2C:20-7, a third-degree offense, and receiving a stolen license plate, N.J.S.A. 2C:20-2(b)(2)(g), also a third-degree offense, for crimes allegedly committed on July 28, 2006. Critically for the purpose of this appeal, N.J.S.A. 2C:20-7 requires proof that defendant knew that the property in his possession was stolen or believed that it likely was stolen.

The New Jersey Criminal Code allows a "permissive inference" of a defendant's knowledge of the stolen nature of the property, if he or she recently possessed stolen property. N.J.S.A. 2C:20-7(b). Accordingly, before defendant's trial, the State provided notice that it intended to offer testimony and documentary evidence to prove six instances of defendant being in possession of stolen goods other than the tow truck and license plate seized on July 28, 2006. One of those instances occurred on June 26, 2006. Of the remaining five instances, two occurred in 2001, two in 2002, and one on October 25, 2006. Following a pretrial evidentiary hearing, the trial court ruled that the proffered evidence would be admissible. Thus, at trial, the State presented testimony from fifteen witnesses to prove the other instances of defendant's possession of stolen items. The jury instructions also referred to the other instances as evidence that the jury could use to determine whether defendant had the requisite guilty knowledge. The jury found defendant guilty of both charges, and the court sentenced him to an extended term of ten years' imprisonment with the maximum period of parole ineligibility.

In a published opinion, the Appellate Division reversed the convictions and granted defendant a new trial, finding that the trial court misapplied N.J.S.A. 2C:20-7(b). 429 N.J. Super. 490 (App. Div. 2013). The panel concluded that the trial court incorrectly permitted the jury to hear extensive testimony about theft offenses committed several years before the date of the transaction charged, and, more specifically, outside of the one-year time limit covered by N.J.S.A. 2C:20-7(b), without determining whether that evidence was admissible under N.J.R.E. 404(b), which governs "other crimes evidence." In addition, the jury received incorrect instructions on how to use the detailed testimony and documentary evidence pertaining to the other theft offenses. The Appellate Division concluded that the legal error tainted the proceedings and that defendant was entitled to a new trial.

This Court granted the State's petition for certification. 216 N.J. 5 (2013).

**HELD:** The judgment of the Appellate Division is **AFFIRMED** substantially for the reasons expressed in Judge Ashrafi's opinion.

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and SOLOMON; and JUDGE CUFF (temporarily assigned) join in this opinion.**

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

      v.

BRUCE E. LIGE, a/k/a
BRUCE EDWARD LIGE,

    Defendant-Respondent.


        Argued October 6, 2014 – Decided October 29, 2014

        On certification to the Superior Court, Appellate Division, whose opinion is reported at 429 N.J. Super. 490 (2013).

        Ashlea D. Newman, Deputy Attorney General, argued the cause for appellant (John J. Hoffman, Acting Attorney General, attorney).

        John W. Douard, Assistant Deputy Public Defender, argued the cause for respondent (Joseph E. Krakora, Public Defender, attorney).


PER CURIAM

    The judgment of the Appellate Division is affirmed, substantially for the reasons expressed in Judge Ashrafi's opinion of the Appellate Division reported at 429 N.J. Super. 490 (2013).

    CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and SOLOMON; and JUDGE CUFF (temporarily assigned) join in this opinion.

SUPREME COURT OF NEW JERSEY

NO.    A-15                          SEPTEMBER TERM 2013

ON CERTIFICATION TO      Appellate Division, Superior Court

STATE OF NEW JERSEY,

        Plaintiff-Appellant,

                v.

BRUCE E. LIGE, a/k/a
BRUCE EDWARD LIGE,

        Defendant-Respondent.

DECIDED          October 29, 2014
                Chief Justice Rabner                    PRESIDING
OPINION BY              Per Curiam
CONCURRING/DISSENTING OPINIONS BY
DISSENTING OPINION BY

| CHECKLIST | AFFIRM | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUSTICE SOLOMON | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 7 | |