**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0857-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MOHAMED F. ABDI, a/k/a
MICHAEL CASTRO,

    Defendant-Appellant.

_____

Submitted November 13, 2018 – Decided November 21, 2018

Before Judges Haas and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment Nos. 17-02-0085 and 17-02-0120.

Joseph E. Krakora, Public Defender, attorney for appellant (Brian P. Keenan, Assistant Deputy Public Defender, of counsel and on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Charles C. Cho, Assistant Prosecutor, on the brief).

PER CURIAM

A Hudson County grand jury charged defendant Mohamed Abdi in a single eight-count indictment with two armed robberies and related weapons offenses. The first four counts of the indictment concerned the robbery of a convenience store on July 3, 2016, and charged defendant with first-degree robbery, N.J.S.A. 2C:15-1(a)(3) (count one); third-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(2) (count two); second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1) (count three); and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b) (count four).

The remaining counts of the indictment involved the robbery of a liquor store on July 4, 2016, and charged defendant with first-degree robbery, N.J.S.A. 2C:15-1(a)(1) (count five); second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1) (count six); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1) (count seven); and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b) (count eight).

On May 12, 2017, Judge Mark Nelson rendered a comprehensive oral opinion denying defendant's motion to sever counts one through four concerning the July 3 robbery from counts five through eight covering the July 4 robbery. Defendant then pled guilty to counts one and five. Judge Nelson sentenced

A-0857-17T3

defendant to concurrent thirteen-year terms in prison on each charge, subject to the 85% parole ineligibility provisions of the No Early Release Act, N.J.S.A. 2C:43-7.2, with five years of parole supervision upon release. This appeal followed.

On appeal, defendant argues that "the judge made erroneous findings of fact and misapplied the law in denying defendant's motion to sever the off[]enses." After reviewing the record in light of this contention and the applicable law, we affirm.

We begin by summarizing the pertinent facts. At approximately 12:00 p.m. on July 3, 2016, a tall, slender man, who was wearing a blue hat with white writing across the front, entered a convenience store. The man was carrying a black bag with a strap across his right shoulder. The man asked the clerk for two packs of cigarettes, and then left without paying for them. The clerk went outside and told the man he needed to pay for the cigarettes. The man returned to the store, produced a black handgun from his waistband, showed it to the clerk, and asked, "Do you still want me to pay?" The man then fled the store and ran away down the street.

Shortly before midnight the following day, defendant and his brother, Hayer Abdi, went into a liquor store and attempted to buy a bottle of whiskey.

Defendant, who matched the physical description of the perpetrator in the July 3 robbery, was wearing a blue hat with white writing on it, and carried a black bag with a strap across his right shoulder.

There were two clerks in the store. One of them told the men that she could not sell them whiskey because it was after 10:00 p.m. Defendant became angry, brandished a black handgun at the clerks, and ran out of the store with the bottle. Defendant's brother remained in the store. The police were able to apprehend defendant a short distance away, and recovered the black bag and the black handgun. The clerks were able to identify defendant as the perpetrator during a show-up identification procedure.

Both stores had surveillance cameras, and the police were able to obtain a still photograph of defendant from the July 4 robbery, and the suspect in the July 3 robbery. Defendant bore a striking resemblance to the man who robbed the convenience store. However, the clerk at the convenience store was unable to identify defendant from the photographs.

Defendant filed a motion to sever the charges concerning the two robberies. He asserted then, and repeats this argument on appeal, that the admission of information establishing his identity in the July 4 robbery would

4

be unduly prejudicial if used to prove he was the man who committed the July 3 robbery. We disagree.

Generally, in deciding a motion for severance, the trial judge enjoys "a wide range of discretion[.]" State v. Coruzzi, 189 N.J. Super. 273, 297 (App. Div. 1983). A denial of a motion for severance should not be reversed "absent a mistaken exercise of that discretion." Ibid.

"[W]here the evidence establishes that multiple offenses are linked as part of the same transaction or series of transactions, a court should grant a motion for severance only when [a] defendant has satisfied the court that prejudice would result." State v. Moore, 113 N.J. 239, 273 (1988). The courts have recognized that any trial involving several charges "probably will involve some potential of [prejudice], since the multiplicity alone may suggest to the jury a propensity to criminal conduct." Coruzzi, 189 N.J. Super. at 297. However, "other considerations, such as economy and judicial expediency, must be weighed" when deciding a severance motion. Ibid. These interests may require that charges remain joined, "so long as the defendant's right to a fair trial remains unprejudiced." Id. at 298.

The proper inquiry when deciding a motion for severance is whether, if the crimes were tried separately, evidence of the severed offenses would be admissible at the trial of the remaining charges. State v. Chenique-Puey, 145 N.J. 334, 341 (1996). If the evidence

would be admissible at both trials, the trial court should not sever the charges, because the defendant "will not suffer any more prejudice in a joint trial than he would in separate trials." Coruzzi, 189 N.J. Super. at 299. To evaluate whether evidence of each crime would be admissible at the trial of the others, and thus whether severance should be denied, the trial court must utilize the same standard used to determine whether other-crime evidence is admissible under N.J.R.E. 404(b). Chenique-Puey, 145 N.J. at 341.

The Supreme Court's opinion in State v. Cofield, 127 N.J. 328, 338 (1992), sets forth the well-established test for deciding whether evidence is admissible under this rule:

> 1. The evidence of the other crime must be admissible as relevant to a material issue;
>
> 2. It must be similar in kind and reasonably close in time to the offense charged;[1]
>
> 3. The evidence of the other crime must be clear and convincing; and
>
> 4. The probative value of the evidence must not be outweighed by its apparent prejudice.
>
> [(quoting Abraham P. Ordover, Balancing the Presumption of Guilt and Innocence: Rules 404(b), 608(b), and 609(a), 38 Emory L.J. 135, 160 (1989)).]

---

[1] In subsequent case law, the Supreme Court has indicated this second prong of Cofield does not always need to be satisfied. See State v. Williams, 190 N.J. 114, 131-34 (2007).

A-0857-17T3

The party seeking to admit other-crime evidence bears the burden to establish each of the four prongs.  See State v. J.M., 225 N.J. 146, 158-59 (2016).  A court's determination on the admissibility of other-crime evidence is "entitled to deference" and is "reviewed under an abuse of discretion standard."  State v. Ramseur, 106 N.J. 123, 266 (1987).  "Only where there is a 'clear error of judgment' should the 'trial court's conclusion with respect to [the] balancing test' be disturbed."  State v. Marrero, 148 N.J. 469, 483 (1997) (quoting State v. DiFrisco, 137 N.J. 434, 496-497 (1994)).

When weighing the probative value of N.J.R.E. 404(b) evidence against its prejudicial nature under the fourth prong of Cofield, a court must focus on "the specific context in which the evidence is offered[.]"  State v. Stevens, 115 N.J. 289, 303 (1989).  The court should also consider whether the fact the other-crime evidence is offered to prove "cannot be proved by less prejudicial evidence."  State v. Hardaway, 269 N.J. Super. 627, 631 (App. Div. 1994).  Further, judicial economy in some circumstances may justify denying a severance motion where many of the same witnesses would need to testify in each trial if the counts were separated.  Moore, 113 N.J. at 276.

Judge Nelson thoroughly addressed each of the four Cofield factors in detail in his oral decision.  As to Prong One, the judge found that the question of defendant's identity was plainly relevant.  Indeed, it is well established that "evidence of a later crime may be admitted on the issue of identity when [the] defendant's connections to the first crime was

established by specific evidence discovered during the second crime." State v. Sterling, 215 N.J. 65, 92 (2013). Here, defendant was identified by the victims of the second robbery. As discussed above, the surveillance photograph of defendant from the July 4 robbery is strikingly similar to the photograph of the suspect in the first robbery, and would clearly be helpful in establishing that defendant was the perpetrator in that incident.

Under Prong Two, the judge found that the two crimes were similar in kind, although not identical. Both started as shoplifting incidents, but became robberies when the suspect brandished a handgun. The offenses took place only thirty-six hours apart. The hat defendant wore on July 4, and the black bag he carried, look to be the same as those the suspect had the day before. In addition, defendant's physical appearance closely matched the July 3 suspect.

Judge Nelson found that Prong Three was also met because the evidence was clear and convincing. In addition to the photographs of each robbery, the State had the videotape to show the jury so it could make a determination whether defendant was the actor in both crimes.

Finally, Judge Nelson noted that like all evidence that establishes a defendant's guilt, the evidence from the July 4 robbery would "prejudice" defendant in connection with the July 3 offense because it would likely establish that he was the person who stole cigarettes from the clerk after showing a

A-0857-17T3

handgun. However, the judge concluded that the probative value of the evidence from the July 4 robbery in establishing defendant's identity in the first crime more than outweighed that prejudice. Thus, the judge concluded that the State established all of the factors militating against severance.

We discern no legal error, nor any abuse of discretion in Judge Nelson's comprehensive analysis of the severance issue. We therefore affirm the denial of defendant's severance motion substantially for the reasons set forth in the judge's thoughtful oral opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0857-17T3