**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0598-17T4

CATHERINE COSTA,

    Plaintiff-Appellant,

v.

TOTAL REHAB & FITNESS
and JOHN MARMAROU,

    Defendants-Respondents.

_____

        Submitted January 9, 2019 – Decided June 5, 2019

        Before Judges Nugent and Reisner.

        On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. L-3548-14.

        Law Offices of Leo B. Dubler, III, LLC, attorneys for appellant (Leo B. Dubler, III and Mark R. Natale, on the briefs).

        Capehart & Scatchard, PA, attorneys for respondents (Ralph R. Smith, III, on the brief).

PER CURIAM

Plaintiff, Catherine Costa, appeals from the Rule 4:6-2(e) dismissal for failure to state a claim of her original complaint's first count, which alleged a violation of the Conscientious Employee Protection Act (CEPA), N.J.S.A. 39:19-1 to – 14. She contends her CEPA allegation — that Total Rehab & Fitness and its principal, John Marmarou, terminated her employment after she complained to Marmarou he was not paying her a full wage — stated a CEPA claim. Although we conclude plaintiff's complaint failed to state a CEPA claim because it did not identify the law, rule, regulation, or public policy defendants allegedly violated, we also conclude the trial court erred by dismissing the complaint with prejudice. Generally, a Rule 4:6-2(e) dismissal should be granted without prejudice to file an amended complaint. We reverse and remand to permit plaintiff to file an amended complaint within twenty days of the date of this decision.

This action's procedural history is somewhat tangled. Plaintiff commenced this action in September 2014 when she filed a complaint and purported to plead two causes of action against defendants. The complaint's first count purported to state a CEPA claim. The complaint's second count purported to state a cause of action under the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -42.

Defendants filed a motion to dismiss the complaint pursuant to Rule 4:6-2(e) for failure to state a claim upon which relief could be granted. The trial court granted the motion and dismissed the CEPA claim with prejudice but dismissed the LAD claim without prejudice to plaintiff's right to file an amended complaint within twenty days.

Rather than file an amended complaint, in February 2015 plaintiff filed a notice of appeal. The trial court's order was interlocutory; it did not dispose of all claims against all parties but instead provided that plaintiff could amend her complaint and pursue the LAD claim. The appeal was eventually dismissed because it was interlocutory. In March 2015, the trial court granted plaintiff's motion to amend her complaint.[1]

The parties apparently engaged in discovery and eventually settled the claims pled in the amended complaint. In August 2017, they filed a stipulation of dismissal with prejudice, which stated among other things, "[t]he matter in difference . . . having been amicably adjusted by and between the parties with regards to the claims raised by [p]laintiff in her Amended Complaint, it is hereby

---

[1] The parties have not included a copy of the amended complaint in their appellate appendices. In their brief, defendants assert the amended complaint did not allege an LAD claim, but rather alleged common law causes of action not pled in the original complaint.

A-0598-17T4

stipulated and agreed that the same be and is hereby dismissed with prejudice and without costs against either party."

Following the filing of the stipulation, plaintiff filed a notice of appeal from the "[o]rder entered on August 28, 2017]." There was no order; only the parties' stipulation.[2] Nonetheless, because defendants have not opposed the appeal based on the deficiency in the notice of appeal, we address the merits of that provision of the trial court's January 2, 2015 order dismissing with prejudice the first count of plaintiff's original complaint alleging a CEPA claim.

The complaint's first count alleged plaintiff worked as an occupational therapist for Total Rehab & Fitness for five months from April 2013 until she was terminated in September 2013. According to the complaint, plaintiff "signed an employment contract that had a scaled compensation system, depending on how many patients visited [her] during the week." The complaint alleges she was "frequently not paid commensurate with the scale in her employment contract."

---

[2] Subject to some exceptions not applicable to this case, appeals as of right from trial courts to the Appellate Division "may be taken . . . from final judgments." R. 2:2-3(a). However, a judgment or order entered with the consent of each party is not appealable. Winberry v. Salisbury, 5 N.J. 240, 255 (1950).

The complaint details the pay periods when plaintiff claims she was shorted. For the three pay periods ending June 22, July 6, and July 20, she was paid $97.15, $193.07, and $192.31, respectively, less than her contractual rate. She notified Marmarou of the shortages, and he agreed to pay the difference, but he said her employment contract had to be reworded and she was misinterpreting it. Contrary to his representation, he did not pay her the difference.

During the two pay periods in August, plaintiff received $192.32 and $385.23 less than her contractual rate. She notified Marmarou and said she wanted the current paycheck corrected, as he had not paid her any of the overdue amounts. He gave her a check for part of what he owed, but for the first pay period in September, which ended September 14, she received a paycheck for $576.16 less than she was due under her employment contract. In a September 18 email, plaintiff notified Marmarou and requested preventative measures be implemented, as a pattern of increasing shortages had developed.

Marmarou responded in an email he sent the same day. The complaint alleges it was clear from Marmarou's email he "was angry at [plaintiff's] legitimate complaint of his illegal pay practices, and he intended to retaliate against her for it." He accused plaintiff of being "demanding" and said he was "not comfortable" with the way she addressed him. He wrote, "In all honesty I

pay you very well and you come off very demanding in these emails." The complaint asserts, "It was clear that Marmarou felt that since he paid [plaintiff] well, he could withhold part of her salary and get away with it." Marmarou's email ended with this: "I will talk to you about this tomorrow but I am not happy with this email."

When they met the next day, Marmarou terminated plaintiff's employment. Plaintiff alleged in her complaint that she "was terminated in retaliation for her legitimate complaints about Marmarou and Total Rehab's illegal pay practices." She further alleged Marmarou also retaliated against her by misleading her about, and trying to revoke, her health care benefits.

Plaintiff asserted in the complaint that Marmarou fired her because she complained about "illegal wage theft" in violation of CEPA. The complaint did not identify any law, rule, regulation, or public policy defendants allegedly violated, and did not mention the Wage Payment Act, N.J.S.A. 34:11-2 to – 67 (the Wage Act). During oral argument on defendants' motion to dismiss, however, plaintiff argued defendants had violated the Wage Act.

The trial court determined that to be actionable under CEPA, an employee's complaint to an employer must concern a public harm. According to the trial court, "[t]he complained of activity must have public ramifications,

6

and the dispute between the employer and the employee must be more than a private disagreement."  The court concluded that plaintiff's complaints about shortages in three paychecks involve "a purely personal and private dispute, insufficient to meet the elements of a CEPA claim."  We disagree.

Motions to dismiss under Rule 4:6-2(e) "should be granted only in rare instances and ordinarily without prejudice."  Smith v. SBC Commc'ns, Inc., 178 N.J. 265, 282 (2004).   This standard of review "is a generous one."  Green v. Morgan Props., 215 N.J. 431, 451 (2013).

> [A] reviewing court searches the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.  At this preliminary stage of the litigation the Court is not concerned with the ability of plaintiffs to prove the allegations contained in the complaint.  For purposes of analysis plaintiffs are entitled to every reasonable inference of fact. The examination of a complaint's allegations of fact required by the aforestated principles should be one that is at once painstaking and undertaken with a generous and hospitable approach.
>
> [Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (citations omitted).]

Nonetheless, a court must dismiss a complaint if it fails "to articulate a legal basis entitling plaintiff to relief."  Sickles v. Cabot Corp., 379 N.J. Super. 100, 106 (App. Div. 2005).  "[A] pleading should be dismissed if it states no

A-0598-17T4

basis for relief and discovery would not provide one." <u>Rezem Family Assoc.,</u> <u>LP v. Borough of Millstone</u>, 423 N.J. Super. 103, 113 (App. Div. 2011).

Our review of a trial court's order dismissing a complaint under <u>Rule</u> 4:6-2(e) is plenary. <u>Gonzalez v. State Apportionment Comm'n</u>, 428 N.J. Super. 333, 349 (App. Div. 2012). We apply the same standard as the trial court. <u>Malik v.</u> <u>Ruttenberg</u>, 398 N.J. Super. 489, 494 (App. Div. 2008).

CEPA enumerates in N.J.S.A. 34:19-3 the employee actions it protects:

> An employer shall not take any retaliatory action against an employee because the employee does any of the following:
>
> a. Discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer, or another employer, with whom there is a business relationship, that the employee reasonably believes:
>
> (1) is in violation of a law, or a rule or regulation promulgated pursuant to law, including any violation involving deception of, or misrepresentation to, any shareholder, investor, client, patient, customer, employee, former employee, retiree or pensioner of the employer or any governmental entity, or, in the case of an employee who is a licensed or certified health care professional, reasonably believes constitutes improper quality of patient care; or
>
> (2) is fraudulent or criminal, including any activity, policy or practice of deception or misrepresentation which the employee reasonably believes may defraud any shareholder, investor, client, patient, customer,

8

employee, former employee, retiree or pensioner of the employer or any governmental entity;

b. Provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into any violation of law, or a rule or regulation promulgated pursuant to law by the employer, or another employer, with whom there is a business relationship, including any violation involving deception of, or misrepresentation to, any shareholder, investor, client, patient, customer, employee, former employee, retiree or pensioner of the employer or any governmental entity, or, in the case of an employee who is a licensed or certified health care professional, provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into the quality of patient care; or

c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes:

(1) is in violation of a law, or a rule or regulation promulgated pursuant to law, including any violation involving deception of, or misrepresentation to, any shareholder, investor, client, patient, customer, employee, former employee, retiree or pensioner of the employer or any governmental entity, or, if the employee is a licensed or certified health care professional, constitutes improper quality of patient care;

(2) is fraudulent or criminal, including any activity, policy or practice of deception or misrepresentation which the employee reasonably believes may defraud any shareholder, investor, client, patient, customer, employee, former employee, retiree or pensioner of the employer or any governmental entity; or

9

(3) is incompatible with a clear mandate of public policy concerning the public health, safety or welfare or protection of the environment.

Thus, a plaintiff must allege four elements to state a CEPA claim: (1) the plaintiff reasonably believed the employer's conduct violated a law, a regulation or a clear mandate of public policy; (2) the plaintiff performed "whistle-blowing activity" as defined in CEPA; (3) an adverse employment action has been taken against him or her; and (4) the whistle-blowing activity caused such adverse employment action. See Kolb v. Burns, 320 N.J. Super. 467, 476 (App. Div. 1999). A judge determining the sufficiency of a pleading purporting to state a CEPA claim must not overlook that CEPA does not require that the activity complained of actually violates a law or regulation, only that the employee has a reasonable belief that such is the case. Dzwonar v. McDevitt, 177 N.J. 451, 464 (2003).

The Wage Act mandates that "[e]xcept as otherwise provided by law, every employer shall pay the full amount of wages due to his employees at least twice during each calendar month, on regular pay days designated in advance by the employer" (emphasis added). N.J.S.A. 34:11-4.2. "No employer may hold or divert any portion of an employee's wages" unless withholding falls into one of the categories enumerated in N.J.S.A. 34:11-4.4. Ibid.

10

The allegations in plaintiff's original complaint, liberally construed under the standard for reviewing a motion to dismiss under Rule 4:6-2(e), would have stated a violation of the Wage Act and in turn a violation of CEPA. Contrary to the trial court's apparent understanding, a plaintiff need not allege a violation of both a statute and a matter of public policy to state a CEPA cause of action. Our Supreme Court has explained, "[c]onsistent with CEPA's broad remedial purpose, we are satisfied that the Legislature did not intend to hamstring conscientious employees by requiring that they prove in all cases that their complaints involve violations of defined public policy." Estate of Roach v. TRW, Inc., 164 N.J. 598, 610 (2000). The Court added, "[n]eedless to say, all laws and regulations are imbued with the public interest." Ibid.; accord, Dzwonar v. McDevitt, 177 N.J. 451, 464 (2003).

Although plaintiff did not specifically allege a violation of the Wage Act in her original complaint, she so contended during oral argument and could have amended the complaint to do so. Consequently, the court should have granted the motion to dismiss the CEPA claim without prejudice and permitted plaintiff to amend the complaint, as the court did with respect to the LAD claim. Smith, 178 N.J. at 282. Accordingly, we reverse that portion of the trial court's order

11

dismissing with prejudice the count in plaintiff's original complaint alleging a CEPA claim. Plaintiff shall file an amended complaint within twenty days.

We note that "the institution of [a CEPA] action . . . shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, State law, rule or regulation or under the common law." N.J.S.A. 34:19-8. Because the parties have not raised the issue on appeal, and because the parties have not included plaintiff's amended pleadings, we do not address whether plaintiff's election to proceed with other causes of action constitute a waiver of her CEPA claim. That issue, if appropriate, can be addressed on an appropriate record before the trial court.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0598-17T4