**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1557-18T4

J.W.,[1]

    Plaintiff-Appellant,

v.

TOWNSHIP OF LIVINGSTON,
HONORABLE WILLIAM H.
WILLIAMS, JR., J.M.C., TOWNSHIP
OF LIVINGSTON POLICE
DEPARTMENT, and OFFICER
WALTER WRITT,

    Defendants-Respondents.

_____

Submitted January 30, 2020 – Decided March 9, 2020

Before Judges Alvarez and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4228-17.

Jared A. Geist, attorney for appellant.

---

[1] We refer to plaintiff as J.W. in order to preserve the anonymity of the victims. See R. 1:38-3(d)(10).

Murphy Mc Keon PC, attorneys for respondent (James
Matthew Parisi, on the brief).

PER CURIAM

Plaintiff J.W. appeals the October 26, 2018 grant of summary judgment to defendants Township of Livingston, Honorable William H. Williams, Jr., J.M.C., Township of Livingston Police Department, and Officer Walter Writt. His complaint alleged he was wrongfully arrested for a violation of an amended temporary restraining order (TRO) entered under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35. J.W. sought damages for negligence, malicious prosecution, intentional infliction of emotional distress, wrongful arrest, and false imprisonment. We affirm.

The facts underlying the issuance of the arrest warrant can be briefly summarized. J.W. appeared in the doorway of a doctor's waiting room; his mother-in-law was inside with his younger child. The TRO restrained him from contact with his mother-in-law, and he had prior notice of the medical appointment. That night, Writt, a Township of Livingston police officer, contacted Judge Williams, the municipal court judge, as a result of the complainant's allegation of a violation of the TRO's restraint of contact. Writt requested that the court review the complaint for probable cause regarding J.W.'s alleged violation of the TRO.

After the officer explained the circumstances to the municipal court judge, the judge asked the officer to fax him a copy of the paperwork. After reading it, the judge called Writt back and made the finding of probable cause. The arrest warrant was served on J.W. that night, and he was taken into custody.

On appeal, J.W. contends that the trial court's legal conclusions were mistaken, and relied on inaccurate information, based on his review of the transcripts of the phone calls between the municipal court judge and the officer. Additionally, he alleges that certain Advisory Committee on Judicial Conduct (ACJC) documents were wrongfully included in defendants' exhibits in support of the application for summary judgment, and that defendants' use of those documents was prejudicial because he had no prior opportunity to engage in discovery regarding them.

Our review of the judge's summary judgment decision is de novo. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014). We conclude that the municipal court judge properly found probable cause, relying on the representations of the officer, his own review of the TRO, and the complaint.

As the Law Division judge said in his decision, the TRO prevented J.W. from contact with his mother-in-law and his wife. He was informed of the children's doctor's appointment, and despite the TRO, appeared at the doctor's

3

office. Once he entered the doorway of the waiting room, he was seen by a person protected by the order. These facts established probable cause that he violated the no-contact order.

During the course of the phone conversation, the judge asked questions and made comments irrelevant to his ultimate decision. Those comments and questions, including a discussion of the officer's mistaken understanding that the order barred J.W. from contact with his children, do not undercut the judge's straightforward analysis.

"Probable cause cannot be defined with scientific precision because it is a '"practical, nontechnical conception"' addressing '"the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."'" State v. Basil, 202 N.J. 570, 585 (2010) (citations omitted). The information available to the officer and the judge, which J.W. does not dispute, certainly falls within that definition.

Since the municipal court judge's finding of probable cause was warranted, he is clearly entitled to absolute immunity for his issuance of an arrest warrant. See N.J.S.A. 59:3-2(b); see also Malik v. Ruttenberg, 398 N.J. Super. 489, 495-96 (App. Div. 2008). Additionally, public employees are not

liable for injuries caused by the institution and pursuit of judicial proceedings within their sphere of employment. N.J.S.A. 59:3-8.

Under New Jersey's Tort Claims Act, N.J.S.A. 59:1-1 to 59:12-3, a public employee is immune where the acts complained of were engaged in good faith. See N.J.S.A. 59:3-3. The standard is one of objective reasonableness. Wildoner v. Borough of Ramsey, 162 N.J. 375, 387 (2000).

Writt acted in good faith when he applied for the warrant in this situation, having been supplied information regarding a clear violation of a TRO. His decision to do so was objectively reasonable. See id. at 386. Thus, the requirements for statutory immunity for Writt have also been met. See Brayshaw v. Gelber, 232 N.J. Super. 99, 109-10 (App. Div. 1989). As the Law Division judge said in the summary judgment decision, this was not even "a close call."

Drawing all factual inferences in J.W.'s favor, as he is the non-moving party on the motion for summary judgment, does not affect the analysis that leads inescapably to the grant of summary judgment in this case. There was "no genuine issue as to any material fact," and defendants were "entitled to a judgment or order as a matter of law." See R. 4:46-2(c).

J.W.'s final point also requires little discussion. The judge did not rely on the complained-of ACJC documents in fashioning his decision on defendants' motion for summary judgment, and he said so. In any event, they were not necessary for a decision in light of the undisputed facts and defendants' entitlement to judgment as a matter of law.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1557-18T4