**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3087-18T3

OLIVER V. SHORT, III,

    Plaintiff-Appellant,

V.

UNION COUNTY SUPERIOR
COURT, CHANCERY DIVISION,
PROBATE PART, PRESIDING
JUDGE,

    Defendant-Respondent.

_____

Submitted November 18, 2020 – Decided December 10, 2020

Before Judges Whipple, Rose and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-0233-19.

Oliver V. Short, III, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Andrew C. Munger, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff Oliver V. Short appeals pro se from a February 7, 2019 Law Division order, denying his motion to alter or amend a January 14, 2019 order pursuant to Rule 4:49-2. Middlesex County Assignment Judge Alberto Rivas issued both orders, which were accompanied by cogent written statements of reasons. We affirm.

The facts and procedural history are not complicated. In January 2019, plaintiff filed an eight-count, seventy-nine-page complaint in lieu of prerogative writs and an order to show cause seeking temporary restraints against the Chancery Division presiding judge in Union County. Among other remedies, plaintiff sought a writ of mandamus to compel the judge to issue a final order in the probate matter regarding his deceased mother's estate. In doing so, plaintiff ostensibly alleged the judge did not fulfill the decedent's expressed intent for the ultimate disposition of her property; attorneys' fees were improperly awarded; and the executrix of the estate did not properly perform her duties. Plaintiff further contended the presiding judge's December 31, 2018 judgment[1] lacked finality. Plaintiff did not, however, timely appeal from the Chancery Division judgment.

---

[1] Plaintiff did not provide the December 31, 2018 judgment on appeal.

A-3087-18T3

Venue was transferred to Middlesex County in view of the allegations against the Union County judge. Following a hearing, Judge Rivas denied plaintiff's application for temporary restraints and dismissed his complaint with prejudice. Citing our decision in Malik v. Ruttenberg, 398 N.J. Super. 489, 495-96 (App. Div. 2008), Judge Rivas aptly determined "as a matter of law" plaintiff's claims against the presiding judge were barred under the doctrine of judicial immunity. Recognizing plaintiff's complaint challenged the presiding judge's decisions in the underlying probate matter, Judge Rivas correctly concluded plaintiff's remedy laid in an appeal from the December 31, 2018 Chancery Division judgment. Accordingly, Judge Rivas entered the January 14, 2019 order denying temporary restraints and dismissing plaintiff's complaint with prejudice.

Dissatisfied with Judge Rivas's decision, plaintiff sought reconsideration of the January 14, 2019 order. Styled as a motion to alter or amend the judgment under Rule 4:49-2, plaintiff reasserted the arguments made in his initial application. Again, plaintiff argued he was "seeking a remedy to have the [j]udge perform . . . [her] mandatory ministerial duties." Finding plaintiff failed to satisfy the standard set forth in Rule 4:49-2 for reconsideration of the prior order, Judge Rivas denied plaintiff's motion. The judge elaborated:

A-3087-18T3

> There is nothing in [plaintiff]'s most recent submission that persuades this court that it has erred or overlooked controlling decisions or mischaracterized the nature of [plaintiff]'s litigation. See R. 4:49-2. No reported case law exists where an action in lieu of prerogative writ[s] case was filed against a [j]udge. The absence of such case is attributable to the purpose of an action in lieu of prerogative writ[s], which is to seek redress for actions taken by governmental bodies and public officials. See Nolan v. Fitzpatrick, 9 N.J. 477, 485 (1952).

Accordingly, Judge Rivas reiterated that plaintiff's "sole recourse w[as] to file an appeal" from the final judgment in the probate matter.

On appeal, plaintiff maintains the Chancery Division judge failed to issue a final order and a writ of mandamus is needed to resolve the underlying probate matter. Plaintiff also argues Judge Rivas erroneously concluded his action is barred under the doctrine of judicial immunity. More particularly, plaintiff raises the following points for our consideration:

POINT ONE

THE COURT BELOW MADE HARMFUL ERRORS OF FACT AND LAW BY DENYING THE WRIT ON THE BASIS OF AN ORDER NOT ON THE RECORD. THE FULL HEARING OF THE ACTION IN LIEU OF PREROGATIVE WRITS ISSUING THE DECLARATORY JUDG[]MENT MUST BE DECIDED ON [ITS] MERITS.

A-3087-18T3

POINT TWO

HARMFUL ERRORS OF FACT AND LAW IN THE JANUARY 14,[] 2019 [ORDER] DENYING A FULL HEARING OF THE WRIT AND ISSUING A DECLARATORY . . . JUDGMENT [AND] THE FEBRUARY 7,[] 2019 ORDER DENYING THE MOTION TO ALTER AND AMEND REQUIR[E] DE NOVO APPELLATE REVIEW AND REVERSAL AND REMAND FOR FULL CONSIDERATION AND PERFORMANCE OF CLERICAL DUTIES CONSISTENT WITH THE PUBLIC INTEREST OF THE STATE OF NEW JERSEY.

POINT THREE

[]PLAINTIFF CANNOT APPEAL FROM ORDERS THE UNION COUNTY PROBATE PART COURT HAS NOT MADE AND CANNOT LEGALLY ISSUE. MANDAMUS IS THE ONLY REMEDY TO COMPEL THE UNION [COUNTY] PROBATE PART TO ISSUE A FINAL JUDG[]MENT APPEALABLE AS OF RIGHT.

POINT FOUR

A WRIT OF MANDAMUS IS USED IN OTHER STATES TO END THE POST-SETTLEMENT QUAGMIRE IN WHICH . . . PLAINTIFF HAS BEEN PLACED BY THE UNION COUNTY PROBATE PART IN [UNION COUNTY DOCUMENT NO.] Q-1569.
(Not raised below)

POINT FIVE

A DECLARATORY JUDG[]MENT OF FIVE OR SIX PROVISIONS OF THE MARIE SEMPLE DYNASTY

5                                              A-3087-18T3

TRUST, HER WILL AND Q[UALIFIED] P[ERSONAL] R[ESIDENCE] T[RUST OF 2000] AND THE SETTLEMENT AGREEMENT CAN END THE MATTER FOR ALL PRESENT AND FUTURE BENEFICIARIES.

POINT SIX

ELEMENTS OF MANDAMUS, AN ACTION IN LIEU OF PREROGATIVE WRITS LIES TO COMPEL[] THE UNION COUNTY SUPERIOR COURT PROBATE PART PRESIDING JUDGE TO PERFORM ACTS OWED TO MARIE SEMPLE AND HER BENEFICIARIES PRIOR TO THE ISSUANCE OF ORDERS OR JUDG[]MENTS [A]FFECTING THEIR LEGAL RIGHTS.

We have carefully considered plaintiff's contentions in view of the governing law, and conclude they lack sufficient merit to warrant extended discussion in this written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons set forth by Judge Rivas in his well-reasoned written statements. We add the following remarks.

We review a trial court's decision to grant or deny a motion for reconsideration under an abuse of discretion standard. Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996). "[T]he decision to grant or deny a motion for reconsideration rests within the sound discretion of the trial court." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (citation omitted). "Reconsideration should be used only where '1)

6

the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.'" Ibid. (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

Rule 4:49-2 requires that the motion "state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which [the movant] believes the court has overlooked or as to which it has erred." Moreover, "the magnitude of the error cited must be a game-changer for reconsideration to be appropriate. 'Said another way, a litigant must initially demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process.'" Palombi v. Palombi, 414 N.J. Super. 274, 289 (App. Div. 2010) (quoting D'Atria, 242 N.J. Super. at 401). "Thus, a trial court's reconsideration decision will be left undisturbed unless it represents a clear abuse of discretion." Pitney Bowes Bank, Inc., 440 N.J. Super at 382 (citing Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)).

"To bring an action in lieu of prerogative writs, a plaintiff must show that the appeal could have been brought under one of the common-law prerogative writs[,]" such as the writ of mandamus sought by plaintiff. Alexander's Dep't

7

Stores of N.J., Inc., v. Borough of Paramus, 125 N.J. 100, 107 (1991). Mandamus "is a writ directing government officials to carry out required ministerial duties." Caporusso v. N.J. Dep't of Health & Senior Servs., 434 N.J. Super. 88, 100 (App. Div. 2014). "A ministerial duty is one that is absolutely certain and imperative, involving merely the execution of a set task, and when the law which imposes it prescribes and defines the time, mode and occasion of its performance with such certainty that nothing remains for judgment or discretion." Id. at 102 (internal citation omitted). Therefore, the use of this writ has typically been limited to actions involving government officials and agencies. See Switz v. Middletown, 23 N.J. 580 (1957) (ordering the township and board of taxation to assess property values as directed by statute.). Furthermore, for an issuance of mandamus, "the plaintiff's right and the defendant's duty must legally be clear and the remedy must be denied where equity or paramount public interest so dictates or there is other adequate relief available." Garrou v. Teaneck Tryon Co., 11 N.J. 294, 302 (1953).

As Judge Rivas correctly concluded, an action in lieu of prerogative writs is an inappropriate "remedy" to address plaintiff's dissatisfaction with the underlying probate matter. Plaintiff has not cited any New Jersey case law in which an action in lieu of prerogative writs was filed against a judge. Moreover,

A-3087-18T3

the remedies sought by plaintiff through the writ of mandamus reach well beyond ministerial duties, and could have been addressed by appealing the Chancery Division's December 31, 2018 judgment. Finally, plaintiff's claims against the Chancery Division presiding judge were barred under the doctrine of judicial immunity for the reasons articulated by Judge Rivas. We therefore discern no abuse of discretion here.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3087-18T3