**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3770-22

JUDY THORPE,

    Plaintiff-Appellant,

v.

ROSEMARIE CIPPARULO, ESQ.,
WEISSMAN & MINTZ, LLC.,
JOYCE M. KLEIN, ARBITRATOR
& MEDIATOR, MARY M.
KOSTECKI, C.P., MEREDITH
KAPLAN STOMA, ESQ., PETAR
KURIDZA, ESQ., and MORGAN
MELHUISH ABRUTYN,

    Defendants-Respondents.

_____

        Submitted[1] October 7, 2025 – Decided October 24, 2025

        Before Judges Susswein and Chase.

        On appeal from the Superior Court of New Jersey, Law
        Division, Monmouth County, Docket No. L-2623-22.

---

[1] Plaintiff requested oral argument but failed to appear at argument scheduled for October 7, 2025, and failed to respond to our inquiries regarding the scheduled oral argument. Defense counsel was present but waived oral argument. Thus, our opinion is based on the written submissions of the parties.

Judy Thorpe, appellant pro se.

Lewis Brisbois Bisgaard & Smith, LLP, attorneys for respondents Rosemarie Cipparulo, Esq., Weissman & Mintz, LLC, Mary M. Kostecki, C.P., Meredith Kaplan Stoma, Esq., Petar Kuridza, Esq., and Morgan Melhuish Abrutyn (Meredith Kaplan Stoma and Petar Kuridza, of counsel and on the brief).

Praxis Legal Solutions LLC, attorneys for respondent Joyce M. Klein (Barbara Burns, on the brief).

PER CURIAM

Plaintiff, Judy Thorpe, appeals the Law Division's June 23, 2023 order denying her motion for reconsideration of its February 28, 2023 order dismissing her complaint with prejudice. We affirm.

We previously discussed the facts at length and do not repeat them here. Thorpe v. State, Nos. A-0104-11, A-5603-11 (App. Div. June 10, 2015). Instead, we summarize key background information for context.

Plaintiff began working for the Juvenile Justice Commission ("JJC") in April 2005. Id. at 2. Following a series of incidents, the JJC directed Thorpe to undergo a fitness for duty evaluation. Id. at 2-8. When Thorpe refused, the JJC terminated her on that basis. Id. at 8-9.

Thorpe's union, the Communications Workers of America ("CWA"), filed a grievance challenging the termination under its collective bargaining

agreement ("CBA"). The CBA empowered the CWA, but not Thorpe individually, to pursue binding arbitration. The arbitrator upheld Thorpe's termination and we affirmed. In re CWA Loc. 1040, No. A-0852-13, A-0866-14 (App. Div. Mar. 24, 2017). We also upheld the denial of Thorpe's applications for disability and deferred retirement benefits, finding she was removed for cause unrelated to a disability. Thorpe v. Bd. of Trs. Pub. Emp. Ret. Sys., No. A-0689-20 (App. Div. Mar. 8. 2023); Thorpe v. Bd. of Trs. Pub. Emp. Ret. Sys., No. A-3371-21 (App. Div. Nov. 17. 2023).

Thorpe then filed an action in the Law Division alleging discrimination and unlawful retaliation under the Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1 to -50, and the Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 to -14. Id. at 1-2. We affirmed the trial court's dismissal. Thorpe v. State, Nos. A-0104-11, A-5603-11 (App. Div. June 10, 2015).

Subsequently, Thorpe filed a legal malpractice action against the attorney who represented her in the LAD and CEPA action. The trial court granted the attorney's motion for summary judgment and dismissed plaintiff's complaint. We affirmed. Thorpe v. Swidler, No. A-0649-17 (App. Div. May 7, 2019).

Thorpe then filed a legal malpractice suit against defendants Rosemarie Cipparulo, Esq. and her law firm, Weisman & Mintz, LLC's, the CWA's attorneys who filed the grievance. Thorpe v. Cipparulo, Docket No. A-0418-20 (App. Div. May 17, 2022) (slip op. at 1-3). We affirmed the trial court's granting of defendants' motion for summary judgment because Thorpe did not have an attorney-client relationship with defendants. Ibid.

In the present case, Thorpe sued Rosemarie Cipparulo, Esq., Weissman & Mintz, LLC ("W&M"), Meredith Kaplan Stoma, Esq., Petar Kuridza, Esq., Mary K. Kostecki, C.P., Morgan Melhuish & Abrutyn ("MM&A"), and Joyce M. Klein (the grievance arbitrator). She alleged legal malpractice, negligence, breach of fiduciary duty, violation of the code of professional responsibility for arbitrators, civil forgery, and aiding and abetting. In November 2022, the defendants filed motions to dismiss.

On February 28, 2023, Thorpe's complaint was dismissed with prejudice. The court found Thorpe's claims against W&M and its attorneys repeated the same legal malpractice allegations raised in her 2016 complaint, which the courts previously dismissed and affirmed. The trial court accordingly dismissed those claims under the entire controversy doctrine.

The court also dismissed claims that W&M breached its fiduciary duty by not disclosing a prior connection between the State's arbitration counsel and the arbitrator. The court found these allegations arose from the same incident—the grievance arbitration—and that Thorpe referenced documents submitted in the earlier litigation.

Further, the court dismissed Thorpe's claims against W&M and MM&A for fraud, forgery, and related misconduct. Applying the entire controversy doctrine, the court reasoned these claims had already been litigated or could have been raised in the prior case barred relitigating.

The court found that all claims against arbitrator Klein were barred by statutory immunity under N.J.S.A. 2A:23B-14(a), which grants arbitrators the same immunity as judges for actions taken in their judicial capacity. The court also concluded Thorpe's malpractice claims against Klein were time-barred under the six-year statute of limitations (N.J.S.A. 2A:14-1(a)), as she filed them more than twelve years after Klein issued her arbitration decision in February 2010.

On appeal, Thorpe argues her complaint states a valid claim, but she does not meaningfully address the trial court's reasoning for dismissing her case.

A-3770-22

Our review of a "Rule 4:6-2(e) motion[] to dismiss for failure to state a claim upon which relief can be granted [is] . . . de novo." Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)).

The entire controversy doctrine is an equitable doctrine left to the sound discretion of the court based on the factual circumstances of individual cases. See Bank Leumi USA v. Kloss, 243 N.J. 218, 227 (2020). "The [doctrine] 'generally requires parties to an action to raise all transactionally related claims in that same action.'" Largoza v. FKM Real Estate Holdings, Inc., 474 N.J. Super. 61, 79 (App. Div. 2022) (quoting Carrington Mortg. Servs., LLC v. Moore, 464 N.J. Super. 59, 67 (App. Div. 2020)); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 4:30A (2023). Specifically, under Rule 4:30A, "[n]on-joinder of claims required to be joined by the [doctrine] shall result in the preclusion of the omitted claims to the extent required by the [doctrine] . . . ."

The court properly dismissed all counts under the entire controversy doctrine. It is well-established in the record that W&M represented the Union, not the appellant, during the grievance arbitration. In accordance with the Union's CBA, W&M could only represent the Union and not Thorpe

individually. Consequently, there was no attorney-client relationship between Thorpe and W&M, and as such, they owed a fiduciary duty only to the Union.

As to the count alleging forgery, and aiding and abetting—these claims all flow from the same transaction and occurrence—Thorpe's 2016 malpractice claim against W&M, in which MM&A represented W&M. These claims were brought to the attention of her and the trial court during the 2016 case and are thus barred from being relitigated.

The claims against Klein were barred by arbitration immunity. "Whether a common law or statutory immunity applies to a party is a question of law," if immunity does apply and civil liability is prohibited, "it trumps any theory of negligence." Malik v. Ruttenberg, 398 N.J. Super. 489, 494 (App. Div. 2008). Under N.J.S.A. 2A:23B-14(a), "[a]n arbitrator . . . is immune from civil liability to the same extent as a judge of a court of this State acting in a judicial capacity." Under N.J.S.A. 2A:23B-14(c), "[t]he failure of an arbitrator to make a disclosure required by section 12 of this act does not cause any loss of immunity pursuant to this section." The allegation that the attorney representing the State at the grievance arbitration was a former student of Klein does not create a loss of immunity.

Additionally, plaintiff had six years to file this cause of action against Klein but did not.  Pursuant to N.J.S.A. 2A:14-1(a), "[e]very action at law . . . for any tortious injury to the rights of another not stated in N.J.S.A. 2A:14-2 and N.J.S.A. 2A:14-3 . . . shall be commenced within six years next after the cause of any such action shall have accrued."  Klein's written opinion with her final disposition was issued February 12, 2010, making that date the date of accrual.  Appellant filed this claim on July 19, 2022.  Consequently, this cause of action was filed far outside of the six-year statute of limitations.

Plaintiff filed a motion for reconsideration, which the court denied.  A motion for reconsideration is addressed to the "sound discretion of the [c]ourt, to be exercised in the interests of justice."  Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).  Reconsideration is reserved for "cases which fall into that narrow corridor" where the prior decision was "based upon a palpably incorrect or irrational basis," or failed to consider or appreciate "probative, competent evidence," or where a "litigant wishes to bring new or additional information to the [c]ourt's attention which it could not have provided on the first application."  D'Atria, 242 N.J. Super. at 401.  The court did not fail to consider or appreciate any of plaintiff's arguments.  Nor did plaintiff present anything new on the

8

motion for reconsideration that could not have been presented on the original motion. We therefore conclude that the judge's denial of the reconsideration motion was an appropriate exercise of discretion.

Courts exist to resolve disputes, not endlessly rehash the same controversy. The doctrines here are not mere technicalities; they safeguard finality and judicial integrity.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3770-22